# EXHIBIT A

1/22/2024 7:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83670092
By: Patricia Jones
Filed: 1/22/2024 7:40 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KENNITH PAUL HOWELL, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| HARRIS COUNTY, TEXAS, *et al* | § | |
| *Defendants.* | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kennith Paul Howell, (hereinafter referred to as "plaintiff") files his Original Petition complaining of Harris County, Texas, and Henry Martinez (hereinafter referred to as "defendants") and for cause of action would show the following:

I.

### DISCOVERY LEVEL

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 2.

II.

### RULE 47 STATEMENT

2. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

III.

### PARTIES

3. Plaintiff Kennith Paul Howell was a resident of Galveston County and the State of Texas at the time of the incident made the basis of this suit.

Certified Document Number: 112361423 - Page 1 of 15

4. Defendant Harris County is a government entity in the State of Texas. Defendant Harris County is the government entity responsible for the Harris County Sheriff's Office which is in turn responsible for the Harris County Jail where Plaintiff suffered his severe injuries. This Defendant can be served through Harris County Judge Lina Hidalgo, 1001 Preston, Suite 911, Houston, Texas 77002, pursuant to Tex. Civ. Prac & Rem. Code § 17.024. At all relevant times hereto, Defendant Harris County was a "person" within the meaning of 42 U.S.C § 1983.

5. Defendant Henry Martinez is an individual who may be served at his place of employment, at Harris County Sheriff's Department, 1200 Baker Street, Houston, Texas 77002 or wherever he may be found. Martinez was employed by the Harris County Sheriff's Office as a detention officer and acted under color of state law at all relevant times.

6. Plaintiff respectfully request that citations be issued against the Defendants.

IV.

JURISDICTION AND VENUE

7. The Court has personal jurisdiction over each Defendant.

8. The Court has subject matter jurisdiction over this matter.

9. The Court has concurrent subject matter jurisdiction over Plaintiffs' Constitutional Claims.

10. Venue is proper in Harris County, Texas under § 15.002(a)(1) of the Tex. Civ. Prac. & Rem. Code ("the Code") because all or a substantial part of the events

or omissions, and loss giving rise to the claim made the basis of this lawsuit occurred in Harris County, Texas.

11. The court has jurisdiction over Defendants pursuant to section 17.042 of the Texas Civil Practice and Remedies Code because Defendants committed a tort in whole or in part in the State of Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this court.

V.

FACTS AND ALLEGATIONS

12. Plaintiff incorporates the foregoing paragraph's as if set forth fully herein.

13. On or about January 14, 2022, Mr. Howell was in the Harris County Jail located at 1201 Baker Street Houston, Harris County, Texas 77002. On January 14, 2022, Mr. Howell was in his cell and had been asking for a common necessity that he needed, specifically toilet paper since 8:00 a.m. Three hours later, at 12:00 p.m., Detention Office Henry Martinez, working for the Harris County Sheriff's Officer had Detention Officer Marcos Tise open up Mr. Howell's cell. Upon opening the cell Detention Officer Henry Martinez told Mr. Howell, "this is my house" and then proceeded to punch Mr. Howell in the face, neck and about his body. As a result of Detention Officers inflicting serious injury to Mr. Howell, Mr. Howell was escorted by emergency medical services and another officer to Ben Taub Hospital.

14. As a result of being punched in the face, neck and body multiple times Mr. Howell suffered a broken jaw and two shattered teeth. Mr. Howell's jaw required a plate. As a result of his injuries, Mr. Howell spent a significant amount of time in Ben Taub hospital and the weeks in the jail clinic where he existed on a liquid diet.

15. Harris County Jail's culture of violence and prevalent policies, practices, and customs of failing to observe and monitor detainees, provide timely and adequate medical care, institutionalized excessive force by jail employees on detainees, and systematic understaffing and overcrowding of the ail were the direct cause and moving force of Mr. Howell's injuries.

16. Sheriff Gonzalez was the policy maker for Harris County with respect to the Jail when Mr. Howell was needlessly injured due to the Jail's unconstitutional policies, customs, and practices.

VI.

FIRST CAUSE OF ACTION
42 U.S.C. § 1983 VIOLATION OF 4TH AMENDMENT – EXCESSIVE FORCE

17. Plaintiff incorporates and adopts by reference all the facts and allegations above as though full set forth herein.

18. Mr. Howell was entitled to be free from injury and is protected from the use of unreasonably excessive force against him.

19. Detention Officer Henry Martinez's decision to use excessive force against Mr. Howell, who was unarmed and posed no threat to anyone's safety, was

objectively unreasonable under the circumstances and constitutes a violation of Mr. Howell's constitutional rights.

20. The applicable standard of conduct was well defined by law and Detention Officer Henry Martinez knew or reasonably should have known that his conduct was below the standard prescribed by law.

VII.

SECOND CAUSE OF ACTION

MONELL CLAIM; VIOLATION OF THE FOURTEENTH AMENDMENT; PURSUANT TO 42 U.S.C. § 1983; CONDITIONS OF CONFINEMENT

21. Plaintiff incorporates and adopts by reference all the facts and allegation's above as though full set forth herein.

22. Plaintiff brings a claim against Defendant Harris County for the violations of the detainee's 14th Amendment rights under 42 U.S.C. § 1983.

23. Plaintiff invokes the conditions of confinement theory for the deaths and injuries of the Plaintiffs which requires a showing of (1) an official policy; (2) a policymaker; and (3) that the policy was the moving force behind the constitutional violation.

24. Harris County's acts and omissions, which resulted in Plaintiffs' deaths and injuries, were committed pursuant to one or more interrelated policies, practices, and customs of Harris County that were promulgated by its policymaker, the Harris County Sheriff, and which resulted in conditions, practices, rules, and restrictions imposed on the detainees that "amounts to

punishment in advance of trial." Sanchez v. Young Cnty., 866 F.3d 274, 279 (5th Cir. 2017).

25. The Court is not required to consider each policy in a vacuum but may consider the interrelation of multiple policies and practices in the county and how each policy may exacerbate the harmful effects of each policy.

26. Plaintiff's injuries were caused by numerous policies, practices, and customs of Harris County. Those policies have been identified above and constitute a condition of confinement that amounts to the level of a punishment. These policies were the moving force behind the injuries to each Plaintiff.

27. Harris County's policies were persistent, widespread practices of County officials and employees which were so common and well settled that they constitute a custom within the County that arises to the level of a County policy.

VIII.

THIRD CAUSE OF ACTION

MONELL CLAIM; PURSUANT TO 42 U.S.C. § 1983 4th and 14th AMENDMENT VIOLATIONS – HARRIS COUNTY UNLAWFUL POLICY BY ACTS OF OFFICIAL POLICY MAKERS

28. Plaintiff incorporates and adopts by reference all the facts and allegations above as though full set forth herein.

29. Under well-established Texas law, the Harris County Sheriff is the final policymaker for the Harris County Jail for the purpose of holding the County liable under § 1983.

30. The Sheriff position, regardless of the individual holding that position, is the policymaker.

31. Sheriff Gonzalez was the policymaker when Mr. Howell suffered his injuries in the Harris County Jail.

32. The actions of Detention Officer Henry Martinez alleged in this petition were endorsed and approved by the Harris County Sherriff's Office.

33. Sheriff Gonzalez's endorsement of the unconstitutional actions of his officers, including allowing and endorsing the use of unnecessary excessive force and/or the use of such force against unarmed inmates, confined to a cell, constitutes official policy of Harris County.

34. The endorsement of these actions of subordinate staff creates and enforces an unconstitutional and illegal policy which violated Plaintiff's constitutional rights.

IX.

THIRD CAUSE OF ACTION

MONELL CLAIM; PURSUANT TO 42 U.S.C. § 1983 4th and 14th AMENDMENT VIOLATIONS – HARRIS COUNTY UNLAWFUL POLICY BY ACTS OF OFFICIAL POLICY MAKERS

35. Plaintiff incorporates and adopts by reference all the facts and allegations above as though full set forth herein.

36. Harris County has an informal custom, practice, and/or policy regarding the use of excessive force. The custom, practice or policy includes, but is not limited to:

    (a) Allowing, encouraging, requiring and/or training officers to use excessive force, in situations where the officers would prefer not to physically restrain suspects, or as in this case, where restraint was not called for, and instead using less obtrusive and/or harmful tactics;

    (b) Allowing, encouraging, requiring and/or training officers to use excessive force in lieu of physical restraint and proper detention techniques, or less harmful methods;

    (c) Allowing, encouraging, requiring and/or training officers to use excessive force as a first resort rather than training officers to assess the totality of circumstances in an objectively reasonable manner, and

    (d) Allowing, encouraging, requiring and/or training officers to confront a non-combative detained prisoner in the same manner as a combative prisoner posing an immediate and objectively reasonable threat to officer safety.

37. As part of the culture, custom, and practice of the Harris County Sheriff's Office, officers are trained and expected to use excessive or deadly force before a person has a chance to act, and consequently Harris County Sheriff's Office relies on excessive force as a primary law enforcement tool when faced with a person who may be acting in any unusual manner.

38. These informal customs and/or policies proximately caused the damages complained of in this lawsuit.

39. Detention Officers and Detention Officer Henry Martinez's use of objectively unreasonable and excessive force as set out above is in accordance with Harris County Policies, procedures, practices, and/or customs relating to use of force.

At all material times, the individual agents and officers were following the policies, procedures, customs and practices of Defendant County and were acting under color of law.

40. Harris County's customs, policies, procedures, and/or practices relating to use of force amount to a conscious disregard of and deliberate indifference to citizens' rights not to be subjected to unlawful detention and/or use of excessive force.

41. Further, the customs, policies, procedures, and/or practices are a direct and proximate cause of the damages complained of in this lawsuit.

X.

FOURTH CAUSE OF ACTION

MONELL CLAIM; PURSUANT TO 42 U.S.C. § 1983 4th and 14th AMENDMENT VIOLATIONS – HARRIS COUNTY FAILURE TO TRAIN AND/OR SUPERVISE

42. Plaintiff incorporates and adopts by reference all the facts and allegations above as though full set forth herein.

43. Plaintiff also brings this claim for Harris County's deliberate failure to train and/or supervise their Jail employees which resulted in the violation of Plaintiff's constitutional rights.

44. For a failure to train claim, Plaintiffs must show (1) the training policy and procedures were inadequate; (2) the County was deliberately indifferent in adopting its training policy and procedures; and (3) the inadequate training policy and procedures directly caused the constitutional violation.

45. As shown above, Harris County and its policymaker, Sheriff Gonzalez, have been aware of the Jail's rampant culture of violence, excessive use of force, lack of medical care, and lack of observation for years; yet, despite being made aware of their deficiencies, Sheriff Gonzalez has continued with the same training policies and practices and has not implemented new policies or practices that would correct the failure of the Jail employees. These issues have not been addressed by any Harris County Sheriff.

46. Sheriff Gonzalez recognized in 2016 that the Jail had a culture of employees resorting to excessive use of force too quickly and that this was a training problem. Yet, since 2016, as exemplified in this specific detainee incident the use of force has increased.

47. As exemplified in Plaintiff's claims, Harris County has a history of encouraging officers to use excessive force, not supervising them in the use of force, not training them on proper de-escalation techniques, and encouraging them to use techniques that result in unnecessary harm.

48. Ultimately, the Harris County Sheriff's Office failed to properly and adequately train and/or supervise its employees, including Detention Officer Henry Martinez in the treatment of detainees, the proper use of force, particularly in the case of detainees, among other things.

49. Sheriff Gonzalez knew or should have known that this failure to train employees who are tasked with the care and control of the detainees would result in injuries of detainees.

50. This failure to train/and or supervise constitutes deliberate indifference and proximately caused the damages complained of in this lawsuit.

XI.

FIFTH CAUSE OF ACTION

MONELL CLAIM; PURSUANT TO 42 U.S.C. § 1983 4th and 14th AMENDMENT VIOLATION – RATIFICATION

51. Plaintiff incorporates and adopts by reference all the facts and allegations above as though full set forth herein.

52. Harris County, by and through the Harris County Sheriff's Office, ratified the conduct of its detention officers in that one or more authorized policymakers for the county approved of the decisions of such detention officers and the basis for them, thus making the county responsible for such conduct.

53. Each of these acts and omissions, singularly or in combination with others, proximately caused the occurrence made the basis of this action and Plaintiff Kennith Paul Howell's injuries and damages.

XII.

STATUTE OF LIMITATIONS VIOLATES TEXAS AND UNITED STATES CONSTITUTION

54. Plaintiff affirmatively pleads that the "Statute of Limitations" provisions of Tex. Civ. Prac. & Rem. Code. §74.251 et seq., and Tex. Civ. State. Art 4590i, §10.01 violate the Texas and United States Constitutions and are unconstitutional under their open courts provisions by unreasonably deny him

access to the court system when balanced against the statutes' purpose. Plaintiff would show that the nature of his injury and/or wrong, and/or the intentional conduct, misrepresentations made by the Defendants, made it impossible or exceeding difficult for him to adequately discover the date and/or injury during the two-year period immediately following the beating he endured at the hands of Detention Officer Henry Martinez and Defendants and he filed this lawsuit within a reasonable time after discovery of the injury and/or wrong. As a result of the beating Mr. Howell was rushed to an emergency room where he drifted in and out of consciousness for almost a week. In addition, he was unable to mentally comprehend what happened to him until a significant period after being beaten. The beating was so severe he was disabled to the extent he couldn't talk and could only eat a liquid diet for almost two months. For all intents and purposes Mr. Howell suffered a disability, could not act because of said disability and was not afforded the opportunity to seek counsel and file this suit. It is pretty clear that Mr. Howell could not have done more than he did to find out what was wrong with him and exercise his rights. Plaintiff has a legally cognizable claim against the Defendants, which he filed within a reasonable time after discovery of the injury and/or wrong.

XIII.

DAMAGES

55. As a result of the incident, Plaintiff was injured and brings this suit for the following damages:

    i. Reasonable medical care incurred by Kenneth Paul Howell in the past;

    ii. Reasonable and necessary medical care and expenses which, in all reasonable probability will be incurred by Kenneth Paul Howell in the future;

    iii. Physical pain and suffering by Kenneth Paul Howell in the past;

    iv. Physical pain and suffering which, in all reasonable probability will be suffered by Kenneth Paul Howell in the future;

    v. Physical impairment of Kenneth Paul Howell in the past;

    vi. Physical impairment which, in all reasonable probability, will be suffered by Kenneth Paul Howell in the future;

    vii. Mental anguish of Kenneth Paul Howell in the past;

    viii. Mental anguish which, in all reasonable probability, will be suffered by Kenneth Paul Howell in the future;

    ix. Loss of earnings sustained by Kenneth Paul Howell in the past;

    x. Loss of earnings and capacity which, in all reasonable probability will be incurred by Kenneth Paul Howell in the future; and

  xi.  Monetary relief over $250,000, but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. The specific amount plead is within the jurisdictional limits of the court.

56. Plaintiff Kenneth Paul Howell has incurred reasonable and necessary medical expenses billed to date, as a result of reasonable and necessary medical care received from Ben Taub Hospital and other health care providers. Plaintiff Kenneth Paul Howell has incurred medical expenses in excess of $32,645.39.

## XIV.
## PRESERVATION OF EVIDENCE

57. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, correspondence, memoranda, files, facsimiles, email, voice mail, text messages; investigation, cellular telephone records; call slips and telephone messages; calendar entries; diary entries; text messaging, or email service; and any related data; any incident report; witness statements; and any electronic

image, data, or information related to the referenced incident. Failure to maintain such items will constitute a "spoliation" of the evidence.

## XV.

## JURY DEMAND

58. Plaintiff hereby demands a jury trial on this matter and tenders the appropriate jury fee.

## XVI.

## PRAYER

59. Wherefore, premises considered, Plaintiff Kenneth Paul Howell prays that Defendants be cited to appear and file an answer herein, and that upon trial Plaintiff Kenneth Paul Howell have and recover a judgment against Defendants for his actual damages, exemplary damages, pre-judgment interest, post-judgment interest, Court costs, and such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE WILLOUGHBY LAW FIRM, LLC

By: _____/s/*Joshua R. Willoughby*
      Joshua R. Willoughby
      Texas Bar Number: 24058762
      4200 Montrose Blvd, Suite 540
      Houston, Texas 77006
      Telephone: (713) 222 – 1356
      Telecopier: (713) 277 – 7166
      ATTORNEY FOR PLAINTIFF



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 5, 2024

Certified Document Number:        112361423 Total Pages:  15

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**