# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KENNITH PAUL HOWELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:24-cv-00468 |
| v. | § | |
| | § | JURY DEMAND |
| HARRIS COUNTY, TEXAS et al, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT HENRY MARTINEZ'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Henry Martinez ("Defendant") files this his answer, defenses, and affirmative defenses to Plaintiff's Original Petition ("Complaint"). Defendant would respectfully show this Court as follows:

### I. Answer

1. With respect to the introductory paragraph and paragraphs 1-2, Martinez is without sufficient knowledge or information to admit or deny the truth of the allegations, except Martinez denies all allegations against him.

2. In answer to paragraph 3, Martinez admits that Plaintiff is a person and former inmate at the Harris County jail but is without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

3. In answer to paragraphs 4 and 5, Martinez admits that Harris County is a governmental entity and that he (Martinez) is a deputy and former detention officer in the Harris County Sheriff's

Office who has been served with citation and petition and as such acted under color of state law and is without sufficient knowledge or information to admit or deny the truth of the remaining allegations.

4. Paragraph 6 requires no answer.

5. With respect to paragraphs 7, 8, 9, 10 and 11, Martinez admits that venue is proper in this court and that this court has subject matter jurisdiction, however, there is only one Plaintiff. To the extent the paragraphs assert a legal proposition no answer is required.

6. With respect to the allegations in paragraph 12, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

7. Martinez denies as stated the allegations in paragraphs 13 and 14, but admits striking Plaintiff once during an incident when Plaintiff refused Martinez's lawful commands and when Plaintiff displayed aggression and aggressively moved toward Martinez.

8. Martinez denies the allegations in paragraph 15.

9. In answer to paragraph 16, Martinez admits that Sheriff Gonzalez was the policymaker for Harris County and denies the remaining allegations.

10. With respect to the allegations in paragraph 17, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

11. Paragraph 18 contains a proposition of law to which no answer is required; to the extent an answer is required Martinez admits that in detention Plaintiff enjoyed the constitutional protections of the Fourteenth Amendment.

12. Martinez denies the allegations in paragraphs 19 and 20.

13. With respect to the allegations in paragraph 21, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

14. With respect to the allegations in paragraphs 22-27, such are invoked against Harris County and no answer is required from Martinez. To the extent an answer is required, Martinez specifically denies that any plaintiffs died and denies the allegations.

15. With respect to the allegations in paragraph 28, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

16. With respect to the allegations in paragraphs 29-34, such are invoked against Harris County and no answer is required from Martinez. To the extent an answer is required, Martinez denies the allegations, except Martinez is without sufficient knowledge or information to answer the allegations in paragraph 32.

17. With respect to the allegations in paragraph 35, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

18. With respect to the allegations in paragraphs 36-41, such are invoked against Harris County and no answer is required from Martinez. To the extent an answer is required, Martinez denies the allegations and specifically denies the allegations in paragraph 39.

19. With respect to the allegations in paragraph 42, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

20. With respect to the allegations in paragraphs 43-50, such are invoked against Harris County and no answer is required from Martinez. To the extent an answer is required, Martinez denies the allegations.

21. With respect to the allegations in paragraph 51, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

22. With respect to the allegations in paragraphs 52-53, such are invoked against Harris County and no answer is required from Martinez. To the extent an answer is required Martinez denies the allegations.

23. With respect to the allegations in paragraph 54, which purports to incorporate by reference the allegations in the earlier paragraphs, Martinez reasserts his answers to those paragraphs.

24. With respect to the allegations in paragraphs 55-56, such are invoked against Harris County and no answer is required from Martinez. To the extent an answer is required Martinez denies the allegations.

25. Paragraph 57 contains no allegations but requests preservation of evidence. Thus no answer is required.

26. Paragraph 58 contains a jury demand. Martinez also requests trial by jury.

27. Paragraph 59 contains a prayer. Martinez denies each and every petition in the prayer.

28. Martinez denies all previously unanswered allegations.

## II. Defenses and Affirmative Defenses.

29. Martinez asserts he is cloaked by qualified immunity and official immunity and thus, immune from suit.

30. Martinez states that Plaintiff fails to state a claim for relief under 42 U.S.C. §1988 because (a) Martinez's actions on the dates in question were done within the scope of his discretionary authority and done in the course of official responsibilities; (b) Martinez's actions were objectively reasonable; and (c) Martinez's actions did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

31. Martinez further states that Plaintiff's Complaint fails to state an actionable claim against him upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

32. At the time of the incident and subsequently, Martinez was a detention officer employed by Harris County and entitled to qualified immunity from suit and from damages in this lawsuit because he acted without malice, without an intent to deprive Mr. Howell of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a detention officer; and he did not violate clearly established law of which a reasonable officer would have known.

33. Martinez asserts that Mr. Howell's own actions and/or aggressive movement were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

34. Martinez states that Mr. Howell's contributory negligence and/or actions were the cause of the injuries of which Plaintiff now complains.

35. Martinez states that Mr. Howell's claims for exemplary and punitive damages against Martinez cannot be sustained to the extent such are not subject to a fact-specific, reasonable limit.

36. Martinez asserts that at all times he acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and is entitled to official immunity for any state law claims.

37. Martinez further asserts that he cannot be liable to Plaintiff regarding any state law claims, because Martinez was acting within the course and scope of his public duty in the performance of a government function and when an employee acts in such capacity, that employee's liability can be no greater than that of the governmental entity.

38. Martinez further asserts the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

39. Martinez states that at all relevant times he used only the amount of force objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

40. Martinez states that Mr. Howell's injuries did not result directly and only from Martinez's use of force that was clearly excessive to the need to use force and that Martinez's use of force was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

41. Martinez asserts the affirmative defense of limitations, (statute of limitations).

### III. Jury Demand

42. Martinez requests trial by jury.

43. Martinez reserves the right to amend or supplement his Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Henry Martinez prays that Plaintiff take nothing by his suit, that Martinez recover his costs and all other relief Martinez may be entitled to in law and equity.

WHEREFORE, PREMISES CONSIDERED, Henry Martinez prays that Plaintiff take nothing by his suit, that Martinez recover his costs and all other relief he may be entitled to in law and equity.

Date: February 19, 2024.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,

Defensive Litigation, Employment, & Real Estate Divisions

By:     */s/ James C. Butt*
         **JAMES C. BUTT**
         Sr. Assistant County Attorney
         ATTORNEY-IN-CHARGE
         State Bar No. 24040354
         Fed. Bar No. 725423
         Phone: (713) 274-5133 (direct)
         james.butt@harriscountytx.gov
         **FRANK J. FORD**
         Assistant County Attorney
         ATTORNEY-TO BE NOTICED
         State Bar No. 24012642
         Fed. Bar No. 565385
         Tel: (713) 274-5166 (direct)
         frank.ford@harriscountytx.gov

         **Office of The Harris County Attorney**
         1019 Congress
         Houston, Texas 77002
         Phone: (713) 274-5133 (direct)

         **ATTORNEYS FOR DEFENDANT MARTINEZ**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Joshua R. Willoughby
The Willoughby Law Firm, LLC
4200 Montrose Blvd., Suite 540
Houston, Texas 77006
ATTORNEYJRW@GMAIL.COM

                                         */s/ James C. Butt*
                                         James C. Butt