**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KENNITH PAUL HOWELL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-00468** |
| **v.** | § | |
| | § | **JURY DEMAND** |
| **HARRIS COUNTY, TEXAS et al,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

<u>**DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS**</u>
<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "the County") files this Motion to Dismiss Plaintiff's Original Complaint [Doc. #11] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

# TABLE OF CONTENTS

I.  Statement Of The Nature and Stage of Proceedings ...................................................... 1
II. STATEMENT OF THE ISSUES ................................................................................... 1
III.    SUMMARY OF ARGUMENT .............................................................................. 1
IV.     STANDARD OF REVIEW ..................................................................................... 2
V. ARGUMENT .................................................................................................................. 2
    A.  PLAINTIFF'S § 1983 *MONELL* CLAIMS MUST BE DISMISSED. .............................. 2
    1.  Plaintiff Has Not Adequately Alleged an Underlying Constitutional Violation. ............... 3
    2.  Plaintiff Has Not Adequately Alleged a Policy or Custom. .................................... 5
    3.  Plaintiff Has Not Adequately Alleged a Failure to Train or Supervise Claim. ................. 10
    B.  Conclusion. ............................................................................................. 16

# TABLE OF AUTHORTIES

Page(s)

Cases

2021 WL 1111104 (S.D. Tex. Mar. 23, 2021) ....................................................................... 8
*Anderson v. Dallas Cty. Tex.*,
    286 F. App'x 850 (5th Cir. 2008) ............................................................................ 5
*Arenas v. Calhoun*,
    922 F.3d 616 (5th Cir. 2019) .................................................................................. 15
*Armstrong v. Serpas*,
    670 F. App'x 851 (5th Cir. 2016) ........................................................................... 14
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................... 2
*Beattie v Madison Cnty. School Dist.*,
    254 F.3d 595 (5th Cir 2001) .................................................................................. 16
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 2
*Cano v. Faust*,
    No. CV H-19-0317, 2022 WL 980276 (S.D. Tex. Mar. 31, 2022) .......................... 12
*Carter v. Brown*,
    No. 1:20-cv-01376, 2021 WL 1556374 (W.D. La. April 1, 2021) .......................... 15
*City of Canton, Ohio v. Harris*,
    489 U.S. 378 (1989) ............................................................................................... 10
*Coleman v. Dallas Cnty. Jail*,
    No. 3:19-cv-3009-L-BN, 2020 WL 7029915 (N.D. Tex. October 22, 2020) .......... 15
*Conner v. Travis Cnty.*,
    209 F.3d 794 (5th Cir. 2000) .................................................................................. 2

*Connick v. Thompson*,
   563 U.S. 51 (2011)..............................................................................11
*Covington*,
   812 F. App'x ......................................................................................16
*Doe v. Henderson Indep. Sch. Dist.*,
   237 F.3d 631 (5th Cir. 2000) ..............................................................14
*Escobedo v. Dynasty Insulation, Inc.*,
   694 F.Supp.2d 638 (W.D. Tex. 2010)...................................................14
*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
   406 F.3d 375 (5th Cir. 2005) ....................................................3, 10, 11
*Flores v. Cnty. of Hardeman, Tex.*,
   124 F.3d 736 (5th Cir. 1997) ..........................................................4, 5
*Gartrell v. Gaylor*,
   981 F.2d 254 (5th Cir. 1993) ..............................................................13
*Garza v. City of Donna*,
   922 F.3d 626 (5th Cir. 2019) ................................................................4
*Grandstaff v. City of Borger*,
   767 F.2d 161 (5th Cir. 1985) ..............................................................16
*Groark v. Timek*,
   989 F. Supp. 2d 378 (D.N.J. 2013) .......................................................9
*Harris v. Freedom of Info. Unit Drug Enforcement Admin.*,
   No. 3:06–CV–0176–R, 2006 WL 3342598 (N.D. Tex. Nov. 17, 2006)...............14
*Harvey v. Montgomery Cnty., Tex.*,
   881 F. Supp. 2d 785 (S.D. Tex. 2012) ..................................................12
*Henderson v. Harris Cnty.*,
   No. 4:18-CV-413, 2021 WL 1112400 (S.D. Tex. Feb. 24, 2021) ................8
*Humphreys v. City of Ganado, Tex.*,
   467 Fed. Appx. 252 (5th Cir. 2012)......................................................13
*Inaimi v. Harris Cnty., Tex.*,
   No. 4:21-CV-01832, 2022 WL 901556 (S.D. Tex. Mar. 25, 2022) ...............passim
*Johnson v. Harris Cnty.*,
   No. 4:16-CV-1623, 2018 WL 6505857 (S.D. Tex. July 31, 2018) .................8
*Jones v. Alcoa, Inc.*,
   339 F.3d 359 (5th Cir. 2003) ........................................................13, 15
*King-White v. Humble Independent School Dist.*,
   803 F.3d 754 (5th Cir. 2015) ........................................................12, 13
*Morrill v. City of Denton*,
   693 Fed. Appx. 304 (5th Cir. 2017)......................................................13
*Olabisiomotosho v. City of Houston*,
   185 F.3d 521 (5th Cir. 1999) ..........................................................4, 5
*Palais Royal, Inc. v. Gunnels*,
   976 S.W.2d 837 (Tex. App.-Houston [14th Dist.] 1998, writ dism'd by agr. ..........14
*Pena v. City of Rio Grande City*,
   879 F.3d 613 (5th Cir. 2018) ....................................................3, 6, 10, 11
*Peterson v. City of Fort Worth*,
   588 F.3d 838 (5th Cir. 2009) ................................................2, 3, 6, 9

iii

*Pineda v. City of Houston,*
  291 F.3d 325 (5th Cir. 2002) ............................................................................ 3
*Piotrowski v. City of Houston,*
  237 F.3d 567 (5th Cir. 2001) ................................................................. 7, 9, 13
*Price v. City of San Antonio,*
  431 F.3d 890 (5th Cir. 2005) .......................................................................... 13
*Ramirez v. City of San Antonio,*
  312 F.3d 178 (5th Cir.2002) ........................................................................... 14
*Roberts v. City of Shreveport,*
  397 F.3d 287 (5th Cir. 2005) .......................................................................... 10
*Sanders-Burns v. City of Plano,*
  594 F.3d 366 (5th Cir. 2010) .......................................................................... 10
*Scott v. Moore,*
  114 F.3d 51 (5th Cir. 1997) .......................................................................... 4, 5
*Snyder v. Trepagnier,*
  142 F.3d 791 (5th Cir. 1998) .......................................................................... 16
*Spiller v. City of Tex. City, Police Dep't,*
  130 F.3d 162 (5th Cir. 1997) ............................................................................ 3
*Tyler v. Union Oil Co. of California,*
  304 F.3d 379 (5th Cir.2002) ........................................................................... 14
*Washington v. Smith,*
  639 F. Supp. 3d 625 (E.D. La. 2022) ............................................................... 9
*Webb v. City of Waterloo,*
  No. 17-CV-2001-CJW-MAR, 2019 WL 6736219 (N.D. Iowa Dec. 11, 2019) ......... 9
*Williams v. Banks,*
  956 F.3d 808 ................................................................................................... 16
*Zarnow v. City of Wichita Falls, Tex.,*
  614 F.3d 161 (5th Cir. 2010) .......................................................................... 12

Statutes

42 U.S.C. § 1983 .................................................................................... 2, 3, 6, 16
Tex Civ. Prac. & Rem. Code Ann.§16.003(a) ...................................................... 13

Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure ......................................... i, 2

# I.        STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.        This lawsuit stems from a use of force incident at the Harris County which occurred on January 14, 2022.  See Complaint, [Doc. #11-2].  Plaintiff alleges he sustained a fractured jaw and shattered teeth.  Complaint, paragraph 20.    This action was filed on January 22, 2024, well after the two year statute of limitations period. Plaintiff has filed a general *Monell* claim against the County.   The action was removed  by Harris County on February 8, 2024.  No scheduling order has been entered.

# II.        STATEMENT OF THE ISSUES

2.        Whether Plaintiff has failed to state a § 1983 *Monell* claim (Count 1).

3.        Whether Plaintiff has failed to state a claim under failure to supervise/train (Counts 2-3).

4.        Whether Plaintiff has failed to state a claim under conditions of confinement

5.        Whether Plaintiff's claims are barred by the statute of limitations

# III.         SUMMARY OF ARGUMENT

6.        Harris County moves to dismiss all of Plaintiff's claims because they are not sufficiently pled. Plaintiff's § 1983 *Monell* claims must be dismissed because Plaintiff has not sufficiently alleged an underlying constitutional violation or a policy or custom for municipal liability. Plaintiff also has not pled a pattern of similar, specific, and numerous prior incidents required to state a *Monell* claim for municipal liability. Plaintiff instead attempts to manufacture a pattern by citing to materials, allegations and other incidents that do not involve similar factual scenarios and are entirely irrelevant to the claims and incidents at issue in this case.

7.        Relatedly, Plaintiff also fails to state a § 1983 *Monell* claim based on failure to train or supervise. This claim must be dismissed because (1) Plaintiff has not alleged any facts that would show Harris County's training program is constitutionally defective or that any particular deficiency with the training program is causally connected to each Plaintiff's alleged injuries; (2)

Plaintiff has failed to demonstrate a pattern of similar and specific violations, and (3) Plaintiff has only made conclusory allegations as to whether the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation.

8.     Finally Plaintiff's claims are barred by limitations.

<h3 align="center">IV.     <u>STANDARD OF REVIEW</u></h3>

9.     Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of complaints when they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

<h3 align="center">V.     <u>ARGUMENT</u></h3>

**A.     PLAINTIFF'S § 1983 *MONELL* CLAIMS MUST BE DISMISSED.**

10.     It is well-established that a municipality is not liable under § 1983 on the theory of respondeat superior. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Counties therefore are not liable for constitutional violations committed by county employees unless those violations result directly from a municipal custom or policy. *Conner v. Travis Cnty.*, 209 F.3d 794, 796 (5th Cir. 2000). To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Peterson*, 588 F.3d at 847. An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Id.* "To proceed beyond the pleading stage, a complaint's

'description of a policy or custom and its relationship to the underlying constitutional violation... cannot be conclusory; it must contain specific facts.'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). The alleged policy also must be causally connected to the plaintiff's claim and injuries. *Id.* (affirming dismissal of *Monell* claim and ruling that "[b]ecause the written policy that [plaintiff] identifies is causally irrelevant, it cannot demonstrate the persistent practice she alleges").

11.     The Fifth Circuit has emphasized that a custom can be inferred only from a pattern displaying "similarity and specificity." *Peterson*, 588 F.3d at 851; *Inaimi v. Harris Cnty., Tex.*, No. 4:21-CV-01832, 2022 WL 901556, at *2 (S.D. Tex. Mar. 25, 2022) (Ellison, J.). In other words, "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson*, 588 F.3d at 851 (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)). Thus, "the prior acts [must] be fairly similar to what ultimately transpired." *Estate of Davis*, 406 F.3d at 383. A pattern also requires "sufficiently numerous prior incidents, as opposed to isolated instances." *Peterson*, 588 F.3d at 851; *Inaimi*, 2022 WL 901556, at *2. This is a high bar. *See, e.g.*, *Peterson*, 588 F.3d at 852 ("27 incidents of excessive force over a period of four years do not reflect a pattern that can be said to represent official policy of condoning excessive force so as to hold the City liable for the acts of its employees' unconstitutional conduct."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (11 incidents did not support pattern of unconstitutional warrantless entry in the City of Houston which is "one of the Nation's largest cities and police forces").

12.     Plaintiff attempts to establish municipal liability under § 1983 under two theories: (1) conditions of confinement, and (2) the failure to train or supervise. These claims must be dismissed because they do not sufficiently allege an underlying constitutional violation or municipal liability.

1.     <u>Plaintiff Has Not Adequately Alleged an Underlying Constitutional Violation.</u>

13.     In Count I, Plaintiff assert a *Monell* claim based on a conditions of confinement theory under the Fourteenth Amendment. Doc #11, ¶¶96-100. However, Plaintiff's claims actually allege episodic acts or omissions. Constitutional claims by pretrial detainees can take two forms: (1) conditions of confinement or (2) episodic acts or omissions. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). A condition of confinement case is a "constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement," including complaints such as "the number of bunks in a cell or his television or mail privileges." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). "In contrast, where the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case." *Id.* "In an 'episodic act or omission' case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id.* The proper classification of a detainee's claim is important because different standards apply to the two theories. *See id.*; *Flores v. Cnty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997).

14.     Although Plaintiff appears to assert his claim as a conditions of confinement claim, in reality Plaintiff's claims are based on episodic acts or omissions because her alleged incidents are based on specific acts and omissions of County officers and medical providers, rather than the general conditions of confinement. Specifically, Plaintiff's claims are based on allegations of officer force; altercations with other detainees; specific officer's failure to observe, monitor, or intervene; and the adequacy of medical treatment provided to certain detainees. Doc.#1, ¶¶68-69. Accordingly, Plaintiff's claims are properly analyzed in the episodic act or omission context, not a condition of confinement claim. *See*, *e.g.*, *Olabisiomotosho v. City of Houston*, 185 F.3d 521,

526 (5th Cir. 1999) (ruling plaintiff raised episodic claim because her complaint turned on the officers' alleged failure to take better care of her, medically screen her, and secure treatment for her); *Flores*, 124 F.3d at 738 (holding in jail suicide case that plaintiff alleged an episodic claim, despite allegations that the county had a policy or practice of inadequate training and staffing and inadequate suicide detection, intervention, and prevention); *Scott*, 114 F.3d at 53 (holding that even though the plaintiff asserted that understaffing caused her injury, her actual complained-of harm was sexual assault, an episodic act); *Anderson v. Dallas Cty. Tex.*, 286 F. App'x 850, 859 (5th Cir. 2008) ("Because the plaintiffs cannot prove that [detainee] was subjected to cruel and unusual punishment without first proving that a state actor deprived him of his constitutional rights, the plaintiffs' case is an episodic-act-or-omission case.").

15.    When addressing municipal liability for an episodic claim, the Fifth Circuit has ruled that courts must "separate the inquiry pertinent to the episodic act or omission ('the existence of a constitutional violation simpliciter') from that pertinent to the custom, rule, or policy that is alleged to have permitted the act ('a municipality's liability for that violation')." *Scott*, 114 F.3d at 54. Plaintiff therefore must first prove an underlying constitutional violation by showing that "an official acted with *subjective* deliberate indifference" to that detainee's constitutional rights. *Id.* Subjective deliberate indifference means "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Olabisiomotosho*, 185 F.3d at 526. Then, to hold a municipality liable for that constitutional violation, "the detainee must show that the municipal employee's act resulted from a municipal policy or custom adopted or maintained with *objective* deliberate indifference to the detainee's constitutional rights." *Id.*

    2.    Plaintiff Has Not Adequately Alleged a Policy or Custom.

16.     Plaintiff also has not adequately pled a municipal policy or custom adopted with objective deliberate indifference to a detainee's constitutional rights. Plaintiff does not identify any particular written policies, so Plaintiff's claims must proceed under the theory of a widespread practice, which requires a pattern displaying "similarity and specificity" and involving "sufficiently numerous prior incidents." *Peterson*, 588 F.3d at 851; *Inaimi*, 2022 WL 901556, at *2. Plaintiff's § 1983 claims must be dismissed because he (1) has not sufficiently alleged a policy or custom, and (2) has not sufficiently alleged a pattern displaying similarity and specificity and involving sufficiently numerous prior incidents.

17.     On the first issue, Plaintiff has not sufficiently identified the alleged policies at issue. Plaintiff alleges that Harris County has the following policies: (1) failure to observe and monitor, (2) failure to provide medical care, (3) institutionalized excessive force, (4) systematic understaffing and overcrowding  Doc. #11, ¶23. But these alleged policies are too vague, generalized, and conclusory to state a *Monell* claim and Plaintiff does not allege sufficient facts tying each incident to these alleged policies. *See Pena*, 879 F.3d at 622 ("[A] complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation... cannot be conclusory; it must contain specific facts.'"). Additionally, not all of the alleged policies apply to each of the Plaintiff's claims. *Id.* (ruling that the alleged policy must be causally connected to the plaintiff's claim and injuries). For example, none of  Plaintiff's claims are based on the "failure to observe and monitor," the "failure to provide medical care," or "understaffing and overcrowding."

18.     Although Plaintiff appears to argue that the Court should consider the "interrelation" of various policies, the Fifth Circuit has ruled that courts should "disaggregate" asserted policies or customs when "they express no single municipal policy but only a series of adversarial

conclusions." *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001). Disaggregation is similarly warranted when each policy or custom "concerns a discrete [municipal] program or area of decision-making, and each invokes separate aspects of the policy issue." *Id.* Thus, each policy alleged in this case should be disaggregated and viewed independently. Because Plaintiff has only provided conclusory and generalized allegations concerning the alleged policies and their causal connection to his alleged constitutional violation, Plaintiff has not sufficiently alleged a *Monell* claim.

19.      Plaintiff's *Monell* claims also should be dismissed because Plaintiff has not sufficiently alleged a pattern displaying "similarity and specificity" and involving "sufficiently numerous prior incidents" for each of the policies identified by Plaintiff. Notably, Plaintiff has not cited a single lawsuit where Harris County was found liable for a constitutional violation under a *Monell* claim, let alone a lawsuit where Harris County was found liable under any factual scenarios similar to any of the incidents alleged in this case. Instead, Plaintiff tries to formulate a pattern by citing to entirely irrelevant materials, allegations and incidents that do not involve similar factual scenarios, including: (1) a fourteen-year-old DOJ Report based on incidents that involved different factual scenarios; (2) Texas Commission on Jail Standard ("TCJS") reports that are based on incidents involving different factual scenarios; (3) generalized statistics with no underlying factual context for each incident; (4) other lawsuits filed against Harris County involving entirely different factual allegations even though no finding of liability was found in any of those cases; and (5) other alleged incidents that involved different factual scenarios. None of this is sufficient to "establish a pattern of 'similarity and specificity' and involving 'sufficiently numerous prior incidents, as opposed to isolated instances.'" *Inaimi*, 2022 WL 901556, at *3.

20.     **2009 DOJ Report.** Plaintiff relies on a fourteen-year-old DOJ report from 2009 regarding the Harris County Jail. Doc. #11, ¶¶35-44. However, this Court and others have deemed that reliance on that same report is insufficient to allege a § 1983 claim. *Inaimi*, 2022 WL 901556, at *3; *Henderson v. Harris Cnty.*, No. 4:18-CV-413, 2021 WL 1112400, at *4 (S.D. Tex. Feb. 24, 2021), *report adopted*, No. 4:18-CV-00413, 2021 WL 1111104 (S.D. Tex. Mar. 23, 2021); *Johnson v. Harris Cnty.*, No. 4:16-CV-1623, 2018 WL 6505857, at *10 (S.D. Tex. July 31, 2018) ("Because the DOJ report only discussed violations occurring before 2009, it is largely irrelevant to whether Harris County Jail employees in 2015 received sufficient training and supervision.").

21.     In *Inaimi v. Harris County*, this Court ruled that the 2009 DOJ report "fails to establish a pattern displaying 'similarity and specificity' and involving 'sufficiently numerous prior incidents, as opposed to isolated instances.'" *Inaimi*, 2022 WL 901556, at *3. The Court reasoned that the "examples listed occurred fourteen years ago and were based on incidents that involved different factual scenarios" and dismissed the plaintiff's § 1983 claim against Harris County because the plaintiff failed to sufficiently allege a "custom that fairly represents municipal policy." *Id.*

22.     The same reasoning applies here. The 2009 DOJ report concerns incidents that occurred fourteen years ago and were based on incidents that involved different factual scenarios from any incident of Plaintiff.

23.     **TCJS Reports.** The Texas Commission on Jail Standard ("TCJS") reports suffer from the same problems and are based on incidents involving different factual scenarios than Plaintiff's, and do not establish a pattern displaying similarity, specificity, or numerosity.

24.     **Statistics.** Plaintiff's reliance on statistics concerning assaults, use of force, and deaths at the Jail also is insufficient to plead a pattern under § 1983.

25.     This Court and others have rejected the use of generalized statistics to plead a *Monell* claim. *See*, *e.g.*, *Inaimi*, 2022 WL 901556, at *3 (allegation of "3,000 incidents of excessive force in Harris County since 2015, 'with very few findings of unjustified force or firings as result' was insufficient to state *Monell* claim); *Washington v. Smith*, 639 F. Supp. 3d 625, 655 (E.D. La. 2022) ("Courts have rejected arguments that statistics regarding citizen complaints, without more, are sufficient to state a claim for policy and practice liability."); *Groark v. Timek*, 989 F. Supp. 2d 378, 395 (D.N.J. 2013) ("[W]hen a party seeks to submit statistical evidence showing the frequency of excessive force complaints and the rate at which the complaints are sustained to support a *Monell* claim under § 1983, he 'must show why those prior incidents were wrongly decided and how the misconduct in those cases is similar to that involved in the present action.'"). The Court should similarly reject Plaintiff's use of generalized statistics in this case.

26.     **<u>Other Lawsuits and Incidents.</u>** Plaintiff references the *Wagner* lawsuit, 4:23-cv-468 Doc. #11-1. However, none of those alleged incidents of that lawsuit involve similar facts at issue here. These examples are irrelevant and cannot constitute a pattern displaying "similarity and specificity." Further, Plaintiff cannot aggregate these different types of incidents or rely on "any and all bad or unwise acts" to meet the numerosity requirement. *Peterson*, 588 F.3d at 851; *Piotrowski*, 237 F.3d at 581.

27.     Other courts have recognized that "the mere existence of previous citizens' complaints does not suffice to show a municipal custom of permitting or encouraging excessive force." *Webb v. City of Waterloo*, No. 17-CV-2001-CJW-MAR, 2019 WL 6736219, at *21 (N.D. Iowa Dec. 11, 2019).

28.     Plaintiff has not shown similarity, specificity, or sufficiently numerous incidents to state a *Monell* claim, and Plaintiff cannot simply rely on allegations of other prior bad acts to state a municipal liability claim. Accordingly, Plaintiff's *Monell* claims must be dismissed.

### 3. Plaintiff Has Not Adequately Alleged a Failure to Train or Supervise Claim.

29.     Plaintiff also asserts a *Monell* claim based on failure to supervise and train. Doc. #11, ¶¶127-139. To find Harris County liable on this theory, Plaintiff must show: "1) the [county] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Pena*, 879 F.3d at 623. "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). And the particular deficiency in the training must have caused the ultimate injury. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989). Additionally, proof that an injury or accident could have been avoided if an officer had better or more training is not sufficient; there must be proof of deliberate indifference. *Id.*

30.     "Deliberate indifference requires a showing of more than negligence or even gross negligence." *Estate of Davis*, 406 F.3d at 381. Plaintiff must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Estate of Davis*, 406 F.3d at 381. "Because the standard

for [municipal] fault is a stringent one, [a] pattern of similar constitutional violations by untrained employees is ordinarily required to show deliberate indifference." *Pena*, 879 F.3d at 623 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62.

31.     Importantly, "notice of a pattern of **similar violations** is required" and "the prior acts be fairly similar to what ultimately transpired." *Estate of Davis*, 406 F.3d at 383 (emphasis added); *Connick*, 563 U.S. at 62. For example, in *Connick*, the plaintiff alleged that the Orleans Parish District Attorney's Office failed to train its prosecutors adequately about their duty to produce exculpatory evidence and that the lack of training caused a *Brady* violation in the plaintiff's case. *Connick*, 563 U.S. at 54. To support his *Monell* failure to train claim, the plaintiff pointed to examples where Louisiana courts overturned convictions because of *Brady* violations by prosecutors in the same district attorney's office. *Id.* However, the United States Supreme Court ruled that the plaintiff could not rely on those other *Brady* violations because they did not involve the specific type of *Brady* violation at issue in the lawsuit. *Id.* None of the other *Brady* violations involved the failure to disclose blood evidence, a crime lab report, or physical or scientific evidence of any kind, so the Supreme Court determined those other *Brady* violations were not similar to the *Brady* violation at issue and could not have put the defendant on notice that specific training was necessary to avoid the plaintiff's alleged constitutional violation. *Id.* Therefore, courts narrowly construe the alleged violation and require plaintiffs to demonstrate a pattern of "similar and specific violations." *Id.*; *Inaimi*, 2022 WL 901556, at *4; *Estate of Davis*, 406 F.3d at 383.

32.     Plaintiff's failure to supervise and train claim should be dismissed for multiple reasons. First, Plaintiff has not alleged any facts to show Harris County's training program is

constitutionally defective or that any particular deficiency with the training program is causally connected to each detainee's alleged injuries. Plaintiff instead merely relies on generalities and conclusory allegations concerning Harris County's training—many of which are not even relevant to Plaintiff's claim or injuries.

33.     Second, Plaintiff has failed to satisfy the deliberate indifference prong because, as discussed in above, Plaintiff has failed to demonstrate a pattern of similar and specific violations. *Inaimi*, 2022 WL 901556, at *4. Plaintiff merely present allegations of isolated incidents, which is insufficient. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010).

Further, Plaintiff has failed to satisfy the deliberate indifference prong because Plaintiff has only made conclusory allegations as to whether the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation. *Inaimi*, 2022 WL 901556, at *4; *Cano v. Faust*, No. CV H-19-0317, 2022 WL 980276, at *6 (S.D. Tex. Mar. 31, 2022) (Ellison, J.) ("Plaintiff's conclusory allegations of deliberate indifference fail to plead factual allegations sufficient to raise a viable claim for failure to train and/or supervise."), *aff'd*, No. 22-20189, 2023 WL 2521869 (5th Cir. Mar. 14, 2023); *Harvey v. Montgomery Cnty.*, Tex., 881 F. Supp. 2d 785, 798 (S.D. Tex. 2012) (dismissing failure to train claim because plaintiff did not allege "facts that would show the municipality's training policy or procedure were inadequate, let alone facts that could state a claim that the need for more or different training is obvious"). Plaintiff does not allege any facts to support these conclusory allegations. Therefore, Plaintiff cannot state a *Monell* claim for failure to train or supervise.

34.     **Limitations**. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Independent School Dist.*, 803 F.3d 754,

758 (5th Cir. 2015), quoting *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003). While § 1983 provides a federal cause of action, there is no federal statute of limitations for civil rights actions brought under the statute. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Thus, federal courts borrow "the forum state's general personal injury limitations period." Id. (citations omitted); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.") Thus, Texas law would govern this case. The Fifth Circuit has "recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state." *King-White*, 803 F.3d at 759; see also Tex Civ. Prac. & Rem. Code Ann.§16.003(a)).

35.     Although the statute of limitations is governed by Texas law, federal law determines when a cause of action accrues under § 1983. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "a cause of action under Section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Humphreys v. City of Ganado, Tex.*, 467 Fed. Appx. 252, 255 (5th Cir. 2012). The statute of limitations therefore begins to run when the plaintiff is in possession of critical facts that he has been hurt and who has inflicted the injury. *Gartrell*, 981 F.2d at 257 (citation and quotation marks omitted).Plaintiff's excessive force claim accrued on the date the force was allegedly inflicted. *Morrill v. City of Denton*, 693 Fed. Appx. 304, 306 (5th Cir. 2017) (*citing Price v. City of San*

*Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016)). Accordingly, to the extent the Plaintiff intended to allege a *Monell* claim based upon excessive force, such claim is also clearly barred by limitations.

3 6 .    **Equitable Tolling**. Plaintiff asserts that the doctrine of equitable estoppel tolls limitations because "as the excessive force against detainees on the Harris County jail was regularly accepted and reinforced." [Doc. #11, ¶155]. Plaintiff misconstrues the doctrine. "The effect of [equitable] estoppel is not to <u>suspend</u> the running of the statute of limitations; 'rather, the effect is simply to preclude the defendant from interposing limitations when it has induced the plaintiff not to file suit, within the limitations period, on a cause of action the plaintiff knows [he has].'" *Doe v. Henderson Indep. Sch. Dist.*, 237 F.3d 631 at *7 (5th Cir. 2000) (quoting *Palais Royal, Inc. v. Gunnels*, 976 S.W.2d 837, 849 (Tex. App.-Houston [14th Dist.] 1998, writ dism'd by agr.)). Plaintiff's conclusory statement that excessive force was so regularly accepted and reinforced that he could not have been aware that he experienced it, is not plausible. Nor is his second argument that perceiving the injury or damage was not immediate. *See Escobedo v. Dynasty Insulation, Inc.*, 694 F.Supp.2d 638, 657 (W.D. Tex. 2010) (citing *Harris v. Freedom of Info. Unit Drug Enforcement Admin.,* No. 3:06–CV–0176–R, 2006 WL 3342598, at *6 (N.D. Tex. Nov. 17, 2006)).

37.    The doctrines of equitable tolling and estoppel remain available to those plaintiffs who, through no fault of their own, might otherwise be barred from bringing a claim by operation of a statute of limitations. *See Ramirez v. City of San Antonio,* 312 F.3d 178, 183 (5th Cir.2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' "); *Tyler v. Union Oil Co. of California,* 304 F.3d 379, 391 (5th Cir.2002) ("The doctrine of equitable estoppel 'may properly be invoked when the employee's

untimeliness in filing his charge results from either the employer's deliberate design to delay the filing *or* actions that the employer should unmistakably have understood would result in the employee's delay.' "). *Jones v. Alcoa,* 339 F.3d 359, 368 (5th Cir.2003).  There is no evidence that Plaintiff was induced by Martinez or the County not to timely file this lawsuit.

38.    **Conditions of Confinement Claim.**   Although Plaintiff invokes a conditions of confinement theory for his lawsuit in paragraph 98, his claim appears to be more consistent with episodic acts. *See Scott v Moore*, 114, F.3d 51, 53, n. 2 (5th Cir. 1997) (distinguishing conditions of confinement such as bunking, staffing, food and medical care from episodic, particular acts or omission whereby the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission).  Here Plaintiff complains of a single assault. To prevail on a conditions-of-confinement claim, a plaintiff must plausibly state an objective and a subjective element. *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). First, the plaintiff must establish objectively that the prison official deprived him of the minimal requirements for civilized measure of life's necessities and thus exposed him to a substantial risk of injury. *Id.* "Restrictive or even harsh" conditions do not create a deprivation; rather, the deprivation must be serious. *Coleman v. Dallas Cnty. Jail*, No. 3:19-cv-3009-L-BN, 2020 WL 7029915, at *4 (N.D. Tex. October 22, 2020); *see Carter v. Brown*, No. 1:20-cv-01376, 2021 WL 1556374, *2 (W.D. La. April 1, 2021). Second, the plaintiff must show that the prison official subjectively knew of the risk the condition created and showed deliberate indifference to that risk to the plaintiff. *Id.* at *1-2 (citing *Arenas*, 922 F.3d at 620).

39.    To the extent that Plaintiff alleges that as a condition of confinement, procedures and policies were not uniformly followed during her incarceration, such claim against the County fails.

The Fifth Circuit has made it clear, hat an officer's mere failure to follow prison policy or regulations does not establish a constitutional violation for purposes of liability under 42 U.S.C. § 1983. See *Williams v. Banks*, 956 F.3d 808, 812 & n. 11 (5th Cir. 2020) ("Our case law is clear ... that a prison official's failure to follow the prison's own policies, procedures[,] or regulations does not constitute a violation of [the Eighth or Fourteenth Amendment], if constitutional minima are nevertheless met.").

40.     **Ratification**.    To the extent that Plaintiff is making a ratification claim [Doc. #11, paragraph 32], such fails as a matter of law. First, the Fifth Circuit has limited the theory of ratification to "extreme factual situations." Compare *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); see also *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985). Based on the Original Complaint, this case does not present an extreme factual situation under Fifth Circuit precedent. Second, ratification of an officer's actions requires a "policymaker knowingly approv[ing] a subordinate's actions and the improper basis for those actions. Otherwise, unless conduct is 'manifestly indefensible,' a policymaker's mistaken defense of a subordinate who is later found to have broken the law is not ratification chargeable to the municipality." *Covington*, 812 F. App'x at 228 (internal citation omitted); *Beattie v Madison Cnty. School Dist*., 254 F.3d 595, 603 n.9 (5th Cir 2001). Because the Complaint has nothing beyond conclusory allegations of ratification [Doc. #11, paragraph 32], Plaintiff has failed to state a viable ratification claim upon which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

**B.     Conclusion.**

41.     For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County.  Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claims against Harris County, award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Date: March 18, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/ James C. Butt*
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**FRANK J. FORD**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24012642
Fed. Bar No. 565385
Tel: (713) 274-5166 (direct)
frank.ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT**
**HARRIS COUNTY**


**<u>CERTIFICATE OF CONFERENCE</u>**


I certify that, on March 15, 2024 I conferred with Mr. Willoughby via email regarding the issues presented in this motion and invited his response. I did not receive a response. It is understood Plaintiff opposes the relief sought.

       */s/ James Butt*    
       James Butt


**<u>CERTIFICATE OF SERVICE</u>**


I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon Plaintiff as indicated:

Joshua R. Willoughby
The Willoughby Law Firm, LLC
4200 Montrose Blvd., Suite 540
Houston, Texas 77006
ATTORNEYJRW@GMAIL.COM


       */S/ James C. Butt*   
       James C. Butt