IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNITH PAUL HOWELL, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:24-cv-00468 |
| v. | § § | JURY DEMAND |
| HARRIS COUNTY, TEXAS et al, | § § | |
| *Defendants.* | § § § | |

## DEFENDANT HENRY MARTINEZ'S OPPOSED RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Henry Martinez ("Deputy Martinez") files this his Motion For Judgment on the Pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's claims against him [Doc.#11]. Martinez also seeks a stay of discovery. In support of said motion, Deputy Martinez would respectfully show the Court as follows:

### I. Statement Of The Nature and Stage of Proceedings

1. This lawsuit stems from injuries sustained by Plaintiff on January 14, 2022. The lawsuit was filed in the 164th District Court, Harris County, on January 22, 2024, well after the two year limitations period.

2. On February 19, 2024 Deputy Martinez timely answered the complaint and asserted his entitlement to qualified immunity and the defense of limitations.

3. On March 12, 2024 Plaintiff amended his complaint.

4.  Deputy Martinez respectfully moves this Court for partial judgment on the pleadings pursuant to Rule 12(c).

## II. Statement of Issues, Summary of Argument and Standard of Review

### A. Statement of Issue

5.  The issue to be ruled upon by the Court is whether or not Plaintiff failed to state a claim upon which relief can be granted against Deputy Martinez.

6.  **Summary of Argument**. Deputy Martinez respectfully submits that under Rule 12(c), Plaintiff's claim against him must be dismissed with prejudice as it is untimely. Additionally Deputy Martinez is entitled to qualified immunity and seeks a stay of discovery.

7.  **Standard of Review.** The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); see also *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all well-pleaded facts are to be accepted as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768. However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,

677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Second, the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, under *Twombly*, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

8.  Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

3

on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

9. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

### III. Argument and Authorities

**A. Plaintiff's Lawsuit is Untimely**

10. **Limitations**. Plaintiff alleges that he was assaulted by Deputy Martinez on January 14, 2022. *See* Doc. 11-2. The lawsuit was filed on January 22, 2024. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 758 (5th Cir. 2015), quoting *Jones v. Alcoa, Inc.,*

339 F.3d 359, 366 (5th Cir. 2003). While § 1983 provides a federal cause of action, there is no federal statute of limitations for civil rights actions brought under the statute. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Thus, federal courts borrow "the forum state's general personal injury limitations period." Id. (citations omitted); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.") Thus, Texas law would govern this case. The Fifth Circuit has "recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state." *King-White*, 803 F.3d at 759; see also Tex Civ. Prac. & Rem. Code Ann.§16.003(a)).

11. Although the statute of limitations is governed by Texas law, federal law determines when a cause of action accrues under § 1983. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "a cause of action under Section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Humphreys v. City of Ganado, Tex.*, 467 Fed. Appx. 252, 255 (5th Cir. 2012). The statute of limitations therefore begins to run when the plaintiff is in possession of critical facts that he has been hurt and who has inflicted the injury. *Gartrell*, 981 F.2d at 257 (citation and quotation marks omitted). Plaintiff's excessive force/assault claim accrued on the date the force was allegedly inflicted. *Morrill v. City of Denton*, 693 Fed. Appx. 304, 306 (5th Cir. 2017) (*citing Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th

Cir. 2016)). Accordingly, to the extent the Plaintiff intended to allege an excessive force/assault claim, such claim is clearly barred by limitations.

12. **Equitable Tolling**. Plaintiff asserts that the doctrine of equitable estoppel tolls limitations because "as the excessive force against detainees on the Harris County jail was regularly accepted and reinforced." [Doc. #11, ¶155]. Plaintiff misconstrues the doctrine. "The effect of [equitable] estoppel is not to <u>suspend</u> the running of the statute of limitations; 'rather, the effect is simply to preclude the defendant from interposing limitations when it has induced the plaintiff not to file suit, within the limitations period, on a cause of action the plaintiff knows [he has].'" *Doe v. Henderson Indep. Sch. Dist.*, 237 F.3d 631 at *7 (5th Cir. 2000) (quoting *Palais Royal, Inc. v. Gunnels*, 976 S.W.2d 837, 849 (Tex. App.-Houston [14th Dist.] 1998, writ dism'd by agr.)). Plaintiff's conclusory statement that excessive force was so regularly accepted and reinforced that he could not have been aware that he experienced it, is not plausible. Nor is his second argument that perceiving the injury or damage was not immediate. *See Escobedo v. Dynasty Insulation, Inc.*, 694 F.Supp.2d 638, 657 (W.D. Tex. 2010) (citing *Harris v. Freedom of Info. Unit Drug Enforcement Admin.,* No. 3:06–CV–0176–R, 2006 WL 3342598, at *6 (N.D. Tex. Nov. 17, 2006)).

13. The doctrines of equitable tolling and estoppel remain available to those plaintiffs who, through no fault of their own*,* might otherwise be barred from bringing a claim by operation of a statute of limitations. *See Ramirez v. City of San Antonio,* 312 F.3d 178, 183 (5th Cir.2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' "); *Tyler v. Union Oil Co. of California,* 304 F.3d 379, 391 (5th Cir.2002) ("The doctrine of equitable estoppel 'may properly be invoked when the employee's untimeliness in filing his charge results from either the employer's deliberate design to delay the

filing *or* actions that the employer should unmistakably have understood would result in the employee's delay.' "). *Jones v. Alcoa,* 339 F.3d 359, 368 (5th Cir.2003). There is no evidence that Plaintiff was induced by Martinez or the County not to timely file this lawsuit.

14. **Qualified immunity**. Deputy Martinez asserts that he is immune from suit and therefore, not liable because he is cloaked by qualified immunity. Qualified immunity shields governmental defendants "from civil damages liability unless [they] violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

15. The "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted).

16. In order for an official to be found liable under §1983, an official must have been personally and directly involved in conduct causing an alleged deprivation of an individual's constitutional rights or there must be a causal connection between the actions of the official and the constitutional

violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *see also Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012)). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

17. The incident of January 14, 2022 was a documented use of force which was precipitated by Plaintiff's aggressive movement and lunge. See Doc. 11-2. Deputy Martinez therefore asserts his entitlement to qualified immunity.

18. **Deputy Martinez is Entitled to Stay of Discovery**. Deputy Martinez has asserted that he is entitled to qualified immunity. Immunity is intended to shield the defendant from the burdens of defending the suit. One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). The benefit of avoiding the burden of discovery is lost when defendants are forced to move forward with discovery before their immunity defense has been resolved. *See Id.* at 145; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other defendants would prejudice defendants who have asserted qualified immunity). Because Deputy

Martinez has raised qualified immunity, discovery cannot be permitted against him before this Court rules on the pending motion for judgment on the pleadings. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022); Martinez therefore, respectfully move this Court to stay all discovery until his assertion of immunity is resolved.

WHEREFORE, PREMISES CONSIDERED, Deputy Martinez requests that the Court grant his motion and enter an order dismissing Plaintiff's claims against him, award him his costs and attorneys' fees and grant all other relief to which he is entitled.

Date: March 18, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By: */s/ James C. Butt*
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**FRANK J. FORD**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24012642
Fed. Bar No. 565385
Tel: (713) 274-5166 (direct)

[frank.ford@harriscountytx.gov](mailto:frank.ford@harriscountytx.gov)

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT**
**HARRIS COUNTY**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Joshua Willoughby on March 15, 2024 via email on the issues in this motion. No response was received. It is assumed that Plaintiff opposes the relief sought.

/s/*James C. Butt*
James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those attorneys of record as listed:

Joshua R. Willoughby
The Willoughby Law Firm, LLC
4200 Montrose Blvd., Suite 540
Houston, Texas 77006
[ATTORNEYJRW@GMAIL.COM](mailto:ATTORNEYJRW@GMAIL.COM)

*/s/ Jim Butt*
Jim Butt