IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KENITH PAUL HOWELL,** § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. 4:24-cv-00468 |
| v. § | |
| § | JURY DEMAND |
| **HARRIS COUNTY, TEXAS et al,** § | |
| § | |
| *Defendants.* § | |
| § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

COME NOW, Plaintiff, Kenith Paul Howell ("Howell"), and Defendants, Harris County, Texas ("Harris County") and Henry Martinez ("Martinez"), filing this Joint Discovery /Case Management plan under Rule 26(f) of the Federal Rules of Civil Procedure. In support thereof, the Parties would respectfully show unto the Court as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    RESPONSE:

    The parties conducted the Rule 26(f) conference by telephone on April 5, 2024 and thereafter by various email exchanges through which the instant case management plan was formulated. The following counsel conferred:

    Joshua R. Willoughby
    The Willoughby Law Firm,
    Counsel for Plaintiff

    James A. Butt
    Assistant County Attorney
    Office of Christian D. Menefee
    Counsel for Defendants

1

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   RESPONSE:

   None.

3. Briefly describe what this case is about.

   RESPONSE BY PLAINTIFF:

   This case was originally filed on January 22, 2024 by Plaintiff after he suffered numerous severe injuries, including a broken jaw and shattered teeth, at the hands of Deputy Martinez during his detention at the Harris County Jail. The violation of Plaintiff's constitutional rights was directly caused by the policies, practices, conditions, failure to train and/or supervise and culture promulgated by Harris County which allowed and encouraged the use of excessive force to restrain Plaintiff. Plaintiff amended his complaint on March 12, 2024. Doc. #11 Harris County and its policymakers have been objectively and subjectively aware of the deplorable conditions that face detainees within the jail. Harris County's deliberately indifferent policies, customs, procedures, and practices are the moving force behind Plaintiff's damages and the violation of his constitutional rights.

   Plaintiff brought the following causes of action:

   Count I. *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Conditions of Confinement;

   Count II. *Monell* Claim; Pursuant to 42 U.S.C § 1983 4TH and 14TH Amendment Violations – Harris County    Failure to Train and/or Supervise;

   Count III. *Monell* Claim; Pursuant to 42 U.S.C § 1983 4TH and 14TH Amendment Violations – Harris County    Unlawful Policy by Acts of Official Policy Makers;

   County IV. *Monell* Claim; Episodic Act

   These causes of action give rise to numerous damages suffered by Plaintiff. Plaintiff seeks justice for his injuries which arise out of the ongoing constitutional violations at the hands of the Harris County Jail and Deputy Martinez.

4. Specify the allegation of federal jurisdiction.

   RESPONSE:

    Federal question jurisdiction 28 U.S.C. §1331 and §1343, because Plaintiffs are suing for relief under 42 U.S.C. §1983, and 42 U.S.C. §1988, because Plaintiffs are suing for relief under 42 U.S.C. § 12131 *et. seq.*; and 29 U.S.C. § 794.

5.    Name the parties who disagree and the reasons.

    RESPONSE:

    There is no disagreement.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    There are none anticipated at this time.

7.    List anticipated interventions.

    There are none anticipated at this time.

8.    Describe class-action issues.

    There are no class-action issues.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Initial disclosures have not been made. Plaintiff would ask that the Parties exchange Rule 26(a) Initial Disclosures by May 10, 2024. Defendants propose initial disclosures be made 10 days after the court rules on the two pending dispositive motions (Docs 12 and 13)

10.    Describe the proposed agreed discovery plan, including: A. Responses to all the matters raised in Rule 26(f).

    Despite, Defendants' request to stay discovery until their Motion to Dismiss is ruled upon, Plaintiff believes that engaging in discovery will allow the Parties to continue to trial at the Court's set date.

    Plaintiff asks Harris County to preserve all of its video and audio footage within the Jail to ensure that the Parties can examine the footage pertain to Plaintiff.

    B.    When and to whom the plaintiff anticipates it may send interrogatories.

    Plaintiff anticipates sending discovery request to Defendants within 30 days following the parties' Initial Disclosures.

    C.    When and to whom the defendant anticipates it may send interrogatories.

3

    Defendant will propounded interrogatories to Plaintiff once discovery commences.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the deposition of Harris County Jail employees, the Harris County Sheriff Ed Gonzalez, Assistant Chief Philip Bosquez, former Assistant Chief Shannon Herklotz, Harris County corporate representatives, Deputy Henry Martinez, Sergeant T. Arlen, Detention Officer Blake Mire, Detention Officer Jayson Rubio, Detention Officer Marcos Tise, Detention Officer Jordan Towley, Harris County's designated experts, any person(s) identified in Harris County's Rule 26 disclosures, and any other individuals identified in the case, who's deposition cannot reasonably be anticipated at this time. Plaintiff anticipates beginning the deposition process after 26(a) Initial Disclosures, and as soon as practical after interrogatories have been answered and during the Court's deadlines.

    E.    Of whom and by when the defendant anticipates taking oral depositions.

Defendants will take the deposition of Plaintiff and his treating physicians and care providers.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates being able to designate experts and provide the reports at the time ordered by the Court in its Scheduling Order.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff will take the depositions of Defendants' experts following their designation and prior to the Court's deadline.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendants will take the depositions of Plaintiff's treating physicians and other experts identified by Plaintiff.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

RESPONSE:

Plaintiff is not in agreement with Harris County's wish to hold off on discovery until after the Court Rules on Harris County's Motion to Dismiss. Plaintiff believes that discovery should commence immediately.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

RESPONSE:

None

13. State the date the planned discovery can reasonably be completed.

RESPONSE:

At this time the Parties do not know when discovery can be reasonably completed although Plaintiff believes that discovery can be completed by the Court ordered discovery deadline in the Schedule Order.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

RESPONSE:

The Parties anticipate having informal settlement discussions and if not resolved will consider mediation with a US Magistrate Judge at the appropriate time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

RESPONSE:

The parties anticipate having informal settlement discussions and if not resolved will consider mediation with a US Magistrate Judge at the appropriate time.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

RESPONSE:

The parties agree that mediation before a US Magistrate Judge may be appropriate for this case after resolution of all dispositive motions.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

RESPONSE:

The Parties do not agree to a trial before a Magistrate Judge at this time.

18. State whether a jury demand has been made and if it was made on time.

    RESPONSE:

    Plaintiff made a jury demand in their Original Complaint.

19. Specify the number of hours it will take to present the evidence in this case.

    RESPONSE:

    The Parties anticipate a 1week trial, 40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    RESPONSE:

    Martinez's motion for judgment on the pleadings and Harris County's Motion to dismiss.

21. List other motions pending.

    RESPONSE:

    On March 18, 2024, Harris County moved to dismiss Plaintiff's amended complaint and Defendant Martinez filed a motion for judgment on the pleadings and stay (Docs 12-13)

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    RESPONSE:

    Defendants filed a motion to stay discovery. Plaintiff believes immediate commencement of discovery is necessary to adequately prepare for trial.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    RESPONSE:

    Counsel for Plaintiff: Kennith Howell
    The Willoughby Law Firm, LLC
    Joshua R. Willoughby

State Bar No. 24058762
Federal Bar No. 911568
attorneyjrw@gmail.com
4200 Montrose Blvd, Suite 540
Houston, Texas 77006
Telephone: (713) 222 – 1356


Counsel for Defendants
Office of Harris County Attorney
James C. Butt
Frank J. Ford
1019 Congress
Houston, Texas 77002
Telephone: (713) 274 – 5133


Respectfully Submitted,


By: /s/ Joshua R. Willoughby                                    Date: April 12, 2024
The Willoughby Law Firm, LLC
Joshua R. Willoughby
State Bar No. 24058762
Federal Bar No. 911568
attorneyjrw@gmail.com
4200 Montrose Blvd, Suite 540
Houston, Texas 77006
Telephone: (713) 222 – 1356


**CHRISTIAN D. MENEFEE**                                        Date: April 12, 2024
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION,
EMPLOYMENT, & REAL ESTATE DIVISIONS

By:    /s/ *James C. Butt*
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**FRANK J. FORD**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24012642
Fed. Bar No. 565385
Tel: (713) 274-5166 (direct)
frank.ford@harriscountytx.gov


**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANTS**
**HARRIS COUNTY AND HENRY MARTINEZ**