IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| KENNITH PAUL HOWELL, | § | |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:24-cv-00468 |
| v. | § | |
| | § | JURY DEMAND |
| HARRIS COUNTY, TEXAS et al, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## DEFENDANT HARRIS COUNTY'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Harris County ("the County") file this its answer, defenses, and affirmative defenses to Plaintiff's First Amended Complaint ("Complaint") and jury demand. In support of said answer, defenses, and affirmative defenses, it would respectfully show this Court as follows:

### I. Answer

1. With respect to the introductory statement and tables, the County denies it is liable to Plaintiff.

2. The County denies the allegations in paragraph number 1.

1

3. The County admits that Sheriff Ed Gonzalez is the policymaker for the Harris County jail and denies the remaining allegations in paragraphs 2 and 3.

4. The County denies the allegations in paragraph number 4.

5. The County admits the allegations in paragraph number 5 except it admits that Sheriff Gonzalez was a successful candidate for Sheriff in Harris County.

6. The County admits the allegations in paragraphs numbers 6-10.

7. In answer to the allegations in paragraphs numbers 11-12, the County admits it is a defendant and that Henry Martinez is a defendant who had a use of force incident with Howell and denies the remaining allegations.

8. No answer is required for paragraph number 13.

9. In answer to the allegations in paragraphs numbers 14 and 15 Harris County admits that jurisdiction is proper and venue is proper and denies the remaining allegations.

10. Paragraph number 16 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 16.

11. The County denies the allegations in paragraphs numbers 17 and 18.

12. The County denies as stated the allegations in paragraph 19 but admits that Henry Martinez had a use of force incident with Plaintiff which was documented and investigated.

13. The County admits that Plaintiff sustained injuries as a result of his attack upon Detention Officer Henry Martinez and is without sufficient information to admit or deny the remaining allegations in paragraph number 20.

14. The County denies the allegations in paragraphs numbers 21-24, except it admits that Sheriff Gonzalez was the policymaker for the jail at the time of the use of force by Martinez.

15. The County denies the allegations in paragraphs numbers 25-34.

16. The County denies as stated the allegations in paragraph number 35.

17. With respect to the allegations in paragraph number 36, the 2009 DOJ document speaks for itself and the County denies it is liable.

18. Harris County denies as stated the allegations in paragraph 37.

19. With respect to the allegations in paragraphs numbers 38-43, the 2009 DOJ document speaks for itself and the County denies it is liable.

20. Harris County denies the allegations in paragraph number 44.

21. Paragraphs numbers 45-51 address political commentary from election campaigns and thus require no answer. To the extent an answer is required, they are denied.

22. Paragraph number 52 requires no answer. To the extent an answer is required Harris County admits it has complied with all SIR requirements.

23. Paragraphs numbers 53-61 and 63-64 address statistical records of Texas jails and specifically Harris County's jail. Harris County denies the conclusions asserted by Plaintiff.

24. Harris County denies as stated the allegations in paragraph number 62.

25. Harris County denies the allegations in paragraphs numbers 65-67.

26. Paragraphs numbers 68 to 72 address a TCJS 2021 report. The report speaks for itself. Harris County denies the allegations and specifically denies the documentation of Simmons' death was falsely reported.

27. Harris County denies the allegations in paragraph number 73.

28. Harris County denies as stated the allegations in paragraphs number 74-83, except it admits that Detention Officer struck Howell after Howell moved aggressively toward Martinez.

29. Harris County denies the allegations in paragraphs number 84-88.

30. Harris County denies the allegations in paragraphs 88-91 except it admits that Sheriff Gonzalez was the policymaker for the jail.

31. Harris County denies the allegations in paragraphs number 92-95.

32. Paragraph 96 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 96.

33. Harris County denies the allegations in paragraphs number 97-100.

34. Harris County denies the allegations in paragraphs numbers 101-107.

35. Harris County denies the allegations in paragraphs numbers 108-113.

36. In answer to paragraphs numbers 114-117, Harris County admits that Sheriff Gonzalez is the policymaker but denies the remaining allegations.

37. With respect to paragraphs numbers 118-126, Harris County admits that Sheriff Gonzalez has been the Sheriff and policymaker since 2016 and denies the remaining allegations.

38. Paragraph number 127 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 127.

39. The County denies the allegations in paragraphs numbers 128-139.

40. Paragraph number 140 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 140.

41. The County denies the allegations in paragraphs numbers 141-146.

42. Paragraph number 147 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 147.

43. Harris County denies the allegations in paragraphs numbers 148-149.

44. Paragraphs numbers 150-161 assert legal propositions which require no answer. To the extent an answer is required they are denied.

45. In answer to the Prayer for Relief in paragraph number 162, the County denies each and every petition.

46. In answer to paragraph number 163 the County also requests trial by jury.

47. Harris County denies the allegations in paragraph 164, the final prayer.

48. The County denies all previously unanswered allegations.

## II. Defenses and Affirmative Defenses.

49. The County asserts that Plaintiff's First Amended Complaint [Doc. #11] has failed to state an actionable claim against the County upon which relief may be granted, under the U.S. Constitution, 42 U.S.C. §1983 and Texas state law.

50. The County states that on the occasion in question and at all relevant times, no official policy, practice or custom of the County was the actual or proximate cause of the Plaintiff's alleged injuries.

51. The County states that the acts complained of by Plaintiff were not proximately caused by any constitutionally defective policy, practice or custom of the County.

52. The County states that on the occasion in question and at all relevant times, no official policy, practice or custom of the County was the moving force behind the alleged deprivation of Plaintiff's rights.

53. The County denies that it was deliberately indifferent in any manner and denies any violation of Plaintiff's constitutional rights.

54. The County states that no deprivation of Plaintiff's rights as guaranteed by constitutional and/or statutory provisions occurred as a result of a policy, practice or custom of the County.

55. The County states that HCSO properly supervises its employees, uniform and non-uniform, in accordance with the department's rules, regulations, procedures, general orders and within County procedures.

56. The County states that punitive damages are not recoverable against it as to Plaintiff's claims.

57. The County states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

58. The County states that on the occasion in question, no official County policy or wide-spread, persistent custom having the force of official policy, was the moving force behind and the actual cause of Plaintiff's alleged injuries. The County further states that its final policy-maker was not deliberately indifferent to any circumstances that created a known risk of deprivation of the constitutional rights as alleged in Plaintiff's First Amended Complaint [Doc. #11].

59. The County states that Plaintiff's own actions and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

60. The County denies that Plaintiff was subjected to retaliation.

61. The County states that Plaintiff's alleged retaliation was not motivated by any protected speech.

62. The County asserts that Mr. Howell's own actions were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

63. The County states that Mr. Howell's injuries did not result directly and only from Matinez's use of force that was clearly excessive to the need to use force and that Martinez's use of force was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

64. The County asserts the statute of limitations defense.

### III. Jury Demand

65. The County requests request trial by jury.

66. The County reserves the right to amend or supplement this Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County prays that Plaintiff take nothing by his suit, that it recover its costs and all other relief it may be entitled to in law and equity.

Date: August 26, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By: */s/ James C. Butt*
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**FRANK J. FORD**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24012642
Fed. Bar No. 565385
Tel: (713) 274-5166 (direct)
frank.ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

1019 Congress  
Houston, Texas 77002  
Tel: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT**
**HARRIS COUNTY**

## **CERTIFICATE OF SERVICE**

    I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those attorneys of record who receive electronically filed documents.

                              */s/ Jim Butt*  
                              James C. Butt