IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KENITH PAUL HOWELL,** § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. 4:24-cv-00468 |
| v. § | |
| § | JURY DEMAND |
| **HARRIS COUNTY, TEXAS et al,** § | |
| § | |
| *Defendants.* § | |
| § | |

**DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER THE MEMORANDUM ADDRESSING LIMITATIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "the County") files this, its Reply in Support of its Motion to Reconsider the Order August 1, 2024 [DE 24] to the extent it addressed equitable tolling of the limitations period for the claim against the County.

I.   Argument

Howell asserts his disability existed *after* the incident of January 14, 2022, in the eight days subsequent and not at the time of that alleged incident. It is beyond debate that his claim accrued at the time of the incident, January 14, 2022. In an act of legerdemain Howell conflates the time of the incident with the subsequent period of hospital care and treatment. They are distinct. This distinction is recognized in a case relied upon by Plaintiff, *Helton v. Clements*, 832 F.2d 332 (5th Cir. 1987). In *Helton*, the Court observed Helton was terminated on March 30, 1982, and he filed suit on June 11, 1984. *Id*. at 332. The Court held that the wrongful discharge claims were untimely

1

and that as to various state officials the two year statute of limitations was not tolled, even in light of a subsequent depressive episode. *Id.* at 336.

The County submits its authorities support dismissal.

II.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests reconsideration of the District Court's August 1, 2024 decision, and seeks dismissal of Plaintiff's Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claims against Harris County, award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Date: December 10, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:   */s/ James C. Butt*
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**FRANK J. FORD**
Assistant County Attorney
ATTORNEY-TO BE NOTICED

        State Bar No. 24012642
        Fed. Bar No. 565385
        Tel: (713) 274-5166 (direct)
        frank.ford@harriscountytx.gov

        **OFFICE OF THE HARRIS COUNTY ATTORNEY**
        1019 Congress
        Houston, Texas 77002
        Tel: (713) 274-5133 (direct)

        **ATTORNEYS FOR DEFENDANT**
        **HARRIS COUNTY**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon Plaintiff as indicated:

Joshua R. Willoughby
The Willoughby Law Firm, LLC
4200 Montrose Blvd., Suite 540
Houston, Texas 77006
ATTORNEYJRW@GMAIL.COM

        */S/ James C. Butt*
        James C. Butt