UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNITH PAUL HOWELL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-00468 |
| § | |
| HARRIS COUNTY, TEXAS, *et al.*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM & ORDER

Before the Court is Defendant Harris County's ("Harris County") Motion to Reconsider the Memorandum Addressing Limitations. ECF No. 27. Harris County asks that the Court reconsider the Memorandum & Order dated August 1, 2024, ECF No. 24, "to the extent it addressed equitable tolling of the limitations period for the claim against the County," ECF No. 27 at 1. For reasons the Court will set forth, the Court **DENIES** Harris County's Motion. *Id.*

### I.  BACKGROUND

At this stage, the Court accepts the well-pleaded facts alleged in Plaintiff Kennith Paul Howell's ("Howell") operative Complaint as true and views them in the light most favorable to Howell. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

On or about January 14, 2022, Howell was detained in the Harris County Jail. ECF No. 11 at 8 ¶ 19. He continuously asked Detention Officers for toilet paper from 8:00 a.m. until noon but did not receive it. *Id.* At or around 12:00 p.m., Defendant Detention Officer Henry Martinez ("Martinez"), an employee of the Harris County Sherriff's Office, had another officer open Howell's cell. *Id.* Howell complained about the amount of time it took to get him toilet paper; Martinez then told Howell, "This is my house," and punched him in the face, neck, and various other parts of his body. *Id.* Martinez claimed that he punched Howell because Howell "lunged

1

towards him," and Howell was subsequently charged with violating the Inmate Handbook Code prohibiting certain contact with staff members. *Id.* at 24 ¶ 78, 25 ¶ 83; *see also* ECF No. 11-2 (incident report).

These punches seriously injured Howell. ECF No. 11 at 8-9 ¶¶ 19–20. He was immediately brought to Ben Taub Hospital, where he was treated for a broken jaw and two shattered teeth. *Id.* at ¶ 20. He had to have a plate put in his jaw, which required his jaw to be wired shut for a period of time. *Id.* at ¶¶ 20, 82. Due to his jaw issues, he was put on an all-liquid diet for close to a month and was "in and out of consciousness and in pain" during his hospital stay. *Id.* He was released from the hospital and returned to Harris County Jail on January 22, 2022. *Id.* at ¶ 150.

In connection with these events, Howell filed this § 1983 suit against Harris County and Martinez in state court on January 22, 2024. ECF No. 1. Harris County and Martinez removed the action to this Court this past February. *Id.* Howell's operative Complaint alleges four counts against Harris County pursuant to § 1983: (1) violation of the Fourteenth Amendment under a conditions-of-confinement theory, ECF No. 11 at 30-36 ¶¶ 96–126, (2) failure to train and/or supervise, *id.* at 37-39 ¶¶ 127–39, (3) unlawful policy by acts of official policymakers, *id.* at 39-41 ¶¶ 140–46, and (4) episodic acts (as an alternative to its conditions-of-confinement theory), *id.* at 41-42 ¶¶ 147–49.

Harris County moved to dismiss all of Howell's claims against it on March 18, 2024. ECF No. 12. In a Memorandum & Order dated August 1, 2024, the Court denied Harris County's motion to dismiss. ECF No. 24. As relevant here, the Court, in that Memorandum & Order, rejected Harris County's argument that Howell's case was untimely under the relevant statute of limitations.

## II. LEGAL STANDARD

### A. Applicable Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Reconsideration motions are generally analyzed under the standards for motions to alter or amend judgment under Rule 59(e) or motions for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* Harris County's Motion to Reconsider was filed more than ten days after the Court's August 1, 2024 Memorandum & Order was entered and, therefore, must be considered a request for reconsideration under Rule 60(b).

A motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure calls into question the legal correctness of a judgment or order. *See McGinnis v. Union Pac. R.R. Co.*, No. 3:07-CV-32, 2009 WL 2900277, at *1 (S.D. Tex. Sept. 8, 2009). Granting a motion to reconsider is an extraordinary remedy that should be used sparingly, and denials of such motions are favored. *See id.* A motion for reconsideration "must clearly establish a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Kellogg Brown & Root Int'l, Inc. v. Altanmia Com. Mktg. Co. W.L.L.*, No. H-07-2684, 2009 WL 514054, at *16 (S.D. Tex. March 2, 2009). "Relief is also appropriate when there has been an intervening change in the controlling law." *Id.* Repeating the same arguments made to the Court before its entry of the order does not normally satisfy the burden required for reconsideration. *Id.* at *25.

3

### B. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment, order, or proceeding: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. In addition to these specific bases, Rule 60(b)(6) contains a catch-all provision that provides that a court may relieve a party from a final judgment, order, or proceeding for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is granted only when it is not covered by the five enumerated grounds and when "extraordinary circumstances" are presented. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

### III. ANALYSIS

#### A. Whether Howell's Claims Are Time-Barred

The only holding Harris County asks the Court to reconsider is the Court's prior holding that Howell's claims are timely under the relevant statute of limitations. Harris County argues that the Court should instead rule that Howell's claims are time-barred. For the reasons the Court will explain, it is unpersuaded.

Both parties agree that a two-year limitations period applies. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). They also agree that the excessive-force incident occurred on January 14, 2022, and that Plaintiff filed suit two years and eight days later, on January 22, 2024. ECF No. 11 at 7 ¶ 11. Thus, Plaintiff's claims are timely only if the Court finds that the statute of limitations was tolled for at least eight days from the date the incident occurred to the

4

day Howell filed suit.

For § 1983 claims, state law sets the limitations period and any applicable tolling rules, while federal law sets the accrual date. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Section 1983 excessive-force claims like Howell's accrue on the day that the excessive force occurred. *See Price v. City of San Antonio*, 431 F.2d 890, 893-94 (5th Cir. 2005); *Morrill v. City of Denton*, 693 F. App'x 304, 306 (5th Cir. 2017); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016). However, in Texas, if a person has an "unsound mind" "when the cause of action accrues, the time of the disability is not included in a limitations period." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2024). Thus, a plaintiff's "unsound mind" can serve to toll the limitations period. *Id.* § 16.001(a)(2). The relevant Texas statute does not define the term "unsound mind," but "[p]ersons of 'unsound mind' have been equated with 'persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs.'" *Addudle v. Body*, 277 F. App'x 459, 461 (5th Cir. 2008) (quoting *Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 546 (Tex. Ct. App. 1995)). Finally, the relevant Texas statute commands that "[a] disability that arises after a limitations period starts does not suspend the running of the period." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(d) (West 2024).

The Court previously concluded that the injuries Howell sustained at Martinez's hands caused him to be of "unsound mind," *id.* § 16.001(a)(2), from the day the incident occurred through the eight days he was subsequently hospitalized, ECF No. 24 at 4-5. Therefore, the Court held, the two-year limitations period had been tolled for eight days, meaning Howell's claims, which were brought two years and eight days after the incident occurred, were timely brought. *Id.*

Harris County does not dispute that Howell was of "unsound mind" during his hospital

stay. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a)(2) (West 2024). Instead, Harris County argues that, because Howell "suffered the disability of unsound mind during his hospitalization," ECF No. 27 at 1, and because Howell's hospitalization occurred "after [the] limitations period [began]," *id.* at 3, that hospitalization could not be used to toll the limitations period since "[a] disability that arises after a limitations period starts does not suspend the running of the period," TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(d) (West 2024).

In support of its contention, Harris County points to *Cabeen v. Thomas*, 409 F. App'x 776 (5th Cir. 2011) (per curiam), and *Bagley v. Montgomery County*, 516 F. Supp. 3d 688 (S.D. Tex. 2021). Those two cases involved injuries causing the plaintiffs to be of unsound mind after the limitations periods began. *Cabeen*, 409 F. App'x 776 (per curiam); *Bagley*, 516 F. Supp. 3d 688. In *Cabeen*, the plaintiff sought equitable tolling for his claims predating May 27, 2006 for the time that he was hospitalized from February 8, 2007 until April 14, 2008. 409 F. App'x at 777 (per curiam). The Fifth Circuit denied such tolling, stating that "[e]ven if Cabeen could show he was of unsound mind during his hospitalization, his disability arose after the limitations period, and does not toll the period for claims predating [May 27, 2006]." *Id.* at 778 (per curiam). Similarly, in *Bagley*, the court there held that, because the plaintiff's disability occurred one week after his claim accrued, the unsound-mind exception did not toll the pertinent statute of limitations. 516 F. Supp. 3d at 92.

Here, however, Howell seeks equitable tolling because the very injury forming the basis of his § 1983 claims simultaneously rendered him of unsound mind. So the principle on which *Cabeen* and *Bagley* relied—that "[o]nce the limitations period begins to run, it continues to do so even should one of the disabilities that would toll it arise in the meantime," *Roman v. A.H. Robins Co.*, 518 F.2d 970, 972 (5th Cir. 1975)—does not apply here. Instead, the exception to that

principle—that "if the mental incompetency results directly from the injury constituting the cause of action and arises on the same day, the statute will be tolled"—applies. *Id.* at 972 n.4 (citing Max O. Regensteiner, Annotation, *Time of Existence of Mental Incompetency Which Will Prevent or Suspend Running of Statute of Limitations*, 41 A.L.R.2d at 730-32 (1955)).

Several courts, including the Fifth Circuit in an opinion interpreting Texas state law, *see id.*, have adopted the position that, where the mental incompetency results directly from, and occurs on the same day as, the injury constituting the basis of the action, the incompetency prevents or suspends the running of the statute of limitations. *Sasser v. Davis*, 27 Tex. 656, 658 (Tex. 1864) (action for assault and battery wherein the court held that the plaintiff's allegations that the injuries inflicted by the defendant caused him to become insane on the same day, thereby preventing him from instituting the suit at an earlier time, brought him within the provision of the statute of limitations that stated that "no limitations . . . shall run against . . . persons of unsound mind, during the existence of their respective disabilities"); *see also, e.g., Nebola v. Minn. Iron Co.*, 112 N.W. 880 (Minn. 1907); *Pannell v. Glidewell*, 111 So. 571 (Miss. 1927); *Taylor v. Houston*, 211 F.2d 427 (D.C. Cir. 1954); *Calumet Elec. St. Ry. Co. v. Mabie*, 66 Ill. App. 235 (Ill. App. Ct. 1896). This position follows logically from the fact that "[t]he general rule is that a cause of action accrues when the alleged wrong occurs, which is when the plaintiff has a right to enforce his claim." *Doe v. Kleppe*, 522 F.2d 1369, 1373 (5th Cir. 1975). And as the Fifth Circuit has stated previously, "[i]t is axiomatic that before a statute of limitations can begin to run there must be a right of action on which it is to run." *United States v. First Nat'l Bank of Atlanta*, 441 F.2d 906, 909 n.1 (5th Cir. 1971). Thus, where a plaintiff's "unsound mind" is caused by the wrongful act of another and occurs simultaneously with such act—meaning such a disability exists "*when* the cause of action accrues," TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2024) (emphasis added)—the

7

statute of limitations does not commence to run against that cause of action until the plaintiff is no longer considered of "unsound mind," *id.* In other words, because "Howell's claims accrued simultaneously with the incident that caused his incapacitation," ECF No. 30 at 6, his disability did not arise "after [the] limitations period" began but rather arose, and therefore existed, "when the cause of action accrue[d]," TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2024). Because Howell was "under [the] legal disability of 'unsound mind' when the cause of action accrue[d]," he is entitled to tolling of the limitations period up through the last day of his hospital stay. *Id.* at § 16.001(b).

Harris County resists this conclusion, arguing that "Howell asserts his disability existed *after* the incident of January 14, 2022, in the eight days [he was subsequently hospitalized] and not at the time of that alleged incident." ECF No. 31 at 1. It contends that "[i]n an act of legerdemain Howell conflates the time of the incident with the subsequent period of hospital care and treatment." *Id.*

> Not so. Howell's position has always been, as stated in his operative Complaint, that
>
> Defendant Deputy Martinez's excessive use of force on Plaintiff in his cell at the Harris County Jail *caused the onset of Plaintiff's "legal disability." Immediately* upon being punched in the face, neck, and body, Mr. Howell suffered severe injuries which required *immediate* medical attention. . . . *[I]n the moment the violation of his rights occurred (as Deputy Martinez began his acts of violence), he became unable to do anything* until he received the vital medical attention he required.

ECF No. 11 at 46-47 ¶ 158 (emphasis added).

Regardless, even if Howell's disability could be considered to have begun only at the time of his hospitalization—rather than at the time the excessive force occurred and when he sustained his serious injuries—the Texas Supreme Court has recognized that, for questions involving the computation of time, "[t]he law recognizes no fraction of a day." *Hyde v. White*, 24 Tex. 137, 138

(Tex. 1859). Assuming arguendo that Howell does not assert the occurrence of the disability simultaneously with the accrual of the cause of action, he does nevertheless assert that his hospitalization occurred on the same day as the excessive-force incident. *See* ECF No. 11 at 46 ¶ 158. Thus, even taking Harris County's position that the disability should be considered to have begun at the time of Howell's hospitalization rather than at the time of the excessive force, Texas law treats these two events as occurring simultaneously since the law disregards fractions of days.

The Court thus concludes that Howell's disability tolled the statute of limitations until his hospitalization ended eight days after the excessive-force incident.

### IV.   CONCLUSION

For these reasons, the Court **DENIES** Harris County's Motion. ECF No. 27.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the ___30th___ day of December, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE