**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KENNITH PAUL HOWELL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-00468** |
| **v.** | § | |
| | § | **JURY DEMAND** |
| **HARRIS COUNTY, TEXAS et al,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## DEFENDANT HARRIS COUNTY'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("the County") files this its Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and the Court's first amended scheduling order [Doc. #42]. In support of said motion, the County would respectfully show the Court as follows:

# TABLE OF CONTENTS

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS...........1

II.   STATEMENT OF ISSUES AND STATEMENT OF FACTS..........................1

   A.   Statement of Issues ...............................................................................1

   B.   Statement of Facts.................................................................................2

III.  SUMMARY JUDGMENT EVIDENCE ...............................................2

IV.   SUMMARY OF ARGUMENT ...................................................................4

V.    ARGUMENT AND AUTHORITIES ...............................................................5

   A.   Standard of Review................................................................................5

   B.   Plaintiff's §1983 Claims Against the County- No Underlying Violation.......6

VI.   Conclusion ...............................................................................................16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alpha v. Hooper*,
  440 F. 3d 670 (5th Cir. 2006) ................................................................7

*Austin v. Kroger Tex., L.P.*,
  864 F.3d 326 (5th Cir. 2017) .................................................................5

*Bd. Of Cty. Comm'rs of Bryan Cty. v. Brown*,
  520 U.S. 397 (1997) ..........................................................................8, 14

*Beattie v. Madison Cty. Sch. Dist.,*
  254 F.3d 595 (5th Cir. 2001) ...............................................................15

*Bellard v. Gautreaux*,
  675 F.3d 454 (5th Cir. 2012) .................................................................6

*Bennett v. City of Slidell*,
  728 F.2d 762 (5th Cir. 1984) .................................................................7

*Bennett v. Hartford Ins. Co. of Midwest*,
  890 F.3d 597 (5th Cir. 2018) ........................................................... ii, 5

*Celotex Corp. v. Catreet*,
  477 U.S. 317 (1986) ......................................................................... ii, 5

*City of Canton v. Harris*,
  489 U.S. 378 (1989) ..................................................................... 10, 12

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) ..............................................................................7

*City of St. Louis v. Praprotnik*,
  485 U.S.  (1988) ..................................................................................15

*Conner v. Travis County*,
  209 F.3d 794 (5th Cir. 2000) .................................................................8

*Connick v. Thompson*,
  563 U.S. 51 (2011) ...............................................................................12

*Coon v. Ledbetter*,
  780 F.2d 1158 (5th Cir. 1986) .............................................................15

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
  406 F.3d 375 (5th Cir. 2005) .................................................................8

*Garza v. City of Donna*,
  922 F3d 629 (5th Cir. 2019) ................................................................14

*Gerald Burge v. St. Tammany Parish,*
  336 F.3d 363 (5th Cir. 2008) ....................................................... 11, 14

iii

*Gonzalez v. Ysleta Indep. School Dist.*,
   996 F.2d 745 (5th Cir. 1993) ..............................................................14

*Hare v. City of Corinth*,
   74 F.3d 633 (5th Cir. 1996) ................................................................13

*Infant v. Law Office of Joseph Onwuteaka, P.C.*,
   735 F. App'x 839 (5th Cir. 2018) ........................................................6

*James v. Harris Cty.*,
   577 F.3d 612 (5th Cir. 2009) ..............................................................9

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*,
   379 F.3d 293 (5th Cir. 2004) ..............................................................8

*Jones v. Anderson*,
   721 F. App'x 333 (5th Cir. 2018) ........................................................5

*Kim v. Hospira, Inc.*,
   709 F. App'x 287 (5th Cir. 2018) ........................................................5

*McCarty v. Hillstone Rest. Grp., Inc.*,
   864 F.3d 354 (5th Cir. 2017) ..............................................................6

*Milam v. City of San Antonio*,
   113 F. App'x 622 (5th Cir. 2004) ......................................................15

*Monell v. New York City Dept. of Social Services*,
   436 U.S. 658 (1978) ...........................................................................6

*O'Neal v. City of San Antonio*,
   344 F. App'x 885 (5th Cir. 2009) ......................................................12

*Pena v. City of Rio Grande City*,
   879 F.3d 613 (5th Cir. 2018) ..............................................................6

*Peterson v. City of Fort Worth*,
   588 F.3d 383 (5th Cir. 2009) ............................................................13

*Peterson*,
   598 F.3d ...........................................................................................16

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ................................................... 8, 9, 15

*Prince v. Curry*,
   2010 WL 1062611 (N.D. Tex. 2010) ...................................................9

*Ratliff v. Aransas Cty.*,
   948 F.3d 281 (5th Cir., 2020) .............................................................9

*Roberts v. City of Shreveport*,
   397 F.3d 287 (5th Cir. 2005) ...................................................... 11, 12

*Sanders-Burns v. City of Plano*,
   594 F.3d 366 (5th Cir. 2010) ............................................................11

*Scott v. Moore*,
   114 F.3d 51 (5th Cir. 1997) ..............................................................13

*Thomas v. Tregre*,
  913 F.3d 458 (5th Cir. 2019) ...................................................................5

Trent v. Wade,
  776 F.3d 368 (5th Cir. 2015) ............................................................. ii, 5

*Valle v. City of Houston*,
  613 F.3d 536 (5th Cir. 2010) ............................................................9, 10

Vann v. City of Southaven,
  884 F.3d 307 (5th Cir. 2018) ............................................................ ii, 5

*Zarnow v. City of Wichita Falls*,
  614 F.3d 161 (5th Cir. 2010) .................................................................15

Rules

Fed. R. Civ. P. 56(a)............................................................................ ii, 5

Rule 56, Federal Rules of Civil Procedure ....................................... i, ii, 5

# I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.      This civil rights lawsuit stems from an use of force by Detention Officer Henry Martinez on January 14, 2022 [Doc. #11].   Plaintiff Kennith Howell ("Howell" or "Plaintiff") alleges he was struck by Martinez without justification while Howell was incarcerated at the Harris County jail. Howell makes general allegations against Harris County [*Id*.].

2.      The County timely answered, denied all allegations [Doc. #25]. The parties conferred, per Court's procedures, and now the County timely moves for summary judgment on Plaintiff's pending claims against it.

# II. STATEMENT OF ISSUES AND STATEMENT OF FACTS

## A.     Statement of Issues

3.      The issues to be ruled upon by the Court regarding the County are as follows:

   (a) Whether the Plaintiff has any evidence to show that the County is liable for any alleged constitutional violation as Henry Martinez did not violate the Fourteenth Amendment of the constitution by his use of force

   (b) Whether the Plaintiff has any evidence to show that the County is liable for any constitutional violation based upon a municipal policy or custom promulgated by a policy-maker with deliberate indifference was the "moving force" or direct cause of the injury complained of by Plaintiff?

   (b) Whether Plaintiff has any evidence to show that the County is liable for any constitutional violation based upon a theory of failing to adequately train, and supervise its detention officers on the use of excessive force?

   (c) Whether Plaintiff has any evidence to show that the County is liable for any constitutional violation based upon a theory of condition of confinement?

   (d) Whether Plaintiff has any evidence to show that the County is liable for any constitutional violation based upon a theory of episodic act?

(e) Whether Plaintiff has any evidence to show that the County is liable for any constitutional violation based upon a ratification theory of episodic act?

(f) Whether there is any basis for the claims of medical charges and lost earnings?

## B.    Statement of Facts

4.    The events at issue occurred on January 14, 2022 on the fourth floor of the Harris County jail located at 1200 Baker Street, Houston Texas. Plaintiff was housed in a single man cell.   [Exs. A and C]. At all relevant times, detention officer Henry Martinez ("Martinez") was acting under the color of the authority of state law of the State of Texas as a jailer [Exs. A and C].

5.    When Martinez in response to an earlier request, delivered toilet paper to Howell in Howell's solo cell, Howell, who appeared angry, lunged at Martinez.   Martinez commanded Howell to stop.   Howell refused, moved his arms aggressively and lunged toward Martinez.   Martinez struck Howell once on the head with Martinez's right hand in self-defense.   [Exs. A and C].

6.    The incident was investigated, and Martinez was not found to have violated policy. (Ex. D).

## III.    SUMMARY JUDGMENT EVIDENCE

7.    The County attaches the following exhibits

A.    Declaration of Henry Martinez

B.    Business records affidavit HCSO

C.      Incident report 22 0114 760

D.      Internal Affairs UOF2022-70/IA2023-271 Case Summary and Admin Closure

E.      Surveillance camera footage of incident

F.      Training records of Henry Martinez

G.      Harris County Sheriff's Office Policy 231

H.      CJC Policy 301

I.      Harris County Sheriff's Office Policy 501

J.      Inmate Rights CJC 230

K.      Use of Force CJC307

L.      Management of Difficult or Problematic Inmates CJC 312

M.      Addressing Inmates with Mental Health Issues CJC 301

N.      HCSO Jail Inspection Certificate August 12-15, 2024

O.      Case Summaries for every IAD Investigation of Henry Martinez *(filed under seal)*

P.      Deposition of Kennith Howell pages 38, 40, 47, 49, 51, 52, 53, 71 and 73.

Q.      Declaration of Lt. Brian Tschudy

R.      Declaration of Sgt. Melissa Ince with attachments of inspections

The above exhibits form an Appendix of Evidence in Support of the County's Motion for Summary Judgment, which is incorporated in its entirety by reference for all purposes.

## IV.  SUMMARY OF ARGUMENT

8.     The County is entitled to summary judgment as a matter of law because 1) there was no Fourteenth Amendment constitutional violation when Martinez used physical force to protect himself, 2) there is no evidence that an official policy or custom was the moving force or direct cause of any constitutional injury complained of by Plaintiff, 3) there is no evidence of a training or supervision lapse which was the moving force of any constitutional injury complained of by Plaintiff, 4) Plaintiff's conditions of confinement claim fails as Martinez's use of force was rationally related to a legitimate governmental purpose-safety, security and self-defense, 5) Plaintiff's episodic act  claim fails as there is no showing of deliberate indifference by the County, 6) There is no basis to support ratification. Therefore, all of Plaintiff's claims against the County fail as a matter and must be dismissed.

## V.     ARGUMENT AND AUTHORITIES

**A.     Standard of Review**

9.     **Summary Judgment.** Summary judgment is proper under Rule 56 when the movant establishes that it is entitled to judgment as a matter of law because "there is no genuine dispute as to any material fact." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015); *see also* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986); *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Bennett v. Hartford Ins. Co. of* Midwest, 890 F.3d 597, 604 (5th Cir. 2018).

10.     The movant can meet this initial burden by pointing to "the absence of evidence and thereby shift to the non-movant the burden of demonstrating…that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018). While the movant must demonstrate the absence of a genuine issue of material fact, the movant does not need to negate the elements of the non-movant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). A fact is material if it "might affect the outcome of the suit." *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019).

11.     Once the burden shifts, the non-movant "cannot survive a summary judgment motion be resting on the mere allegations of its pleadings." *Jones v. Anderson*, 721

F. App'x 333, 335 (5th Cir. 2018). The non-movant cannot demonstrate the existence of a material fact "by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).

12.     To avoid summary judgment, the non-movant must identify specific evidence in the record and articulate how that evidence supports the specific claim. *Infant v. Law Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839, 843 (5th Cir. 2018). "The evidence proffered by the [non-movant] to satisfy his burden of proof must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

**B.     Plaintiff's §1983 Claims Against the County- No Underlying Violation**

13.     To impose §1983 liability on a county, a plaintiff must prove an underlying constitutional violation plus three additional elements: (1) a policymaker; (2) an official policy; and (3) that the policy was the "moving force" behind the constitutional violation.  *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

14.     The County contends that Martinez did not use excessive force and thus, did not violate Howell's constitutional rights.  The surveillance video footage, Exhibit E,  [4th Floor POD N 1B 2022114 13 35 15 Avi] which does not record audio

indisputably shows Martinez standing at the entrance to Howell's cell and speaking to Howell at 13:36:20. At 13:36:36 and 44 while still speaking with Howell, Martinez lifts his left hand so as to signal to another detention officer to open the Howell cell. During the communication with Howell, Martinez shakes his head disapprovingly at 13:37:00 and at 13:37:11 Martinez's head moves back suddenly so as to avoid Howell's lunge, and Martinez advances into Howell's cell. 13:37:11. At 13:37:46 other detention officers arrive and Martinez escort Howell who is handcuffed out of his cell. Notably during this entire incident another inmate is in the large dayroom and does not appear to be attentive or even curious about the Howell/Martinez interaction. [4th Floor POD N 1B 2022114 13 35 15 Avi]. There can be no basis for municipal liability in the absence of an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 798-99 (1986); *see also Alpha v. Hooper*, 440 F. 3d 670, 672 (5th Cir. 2006). Harris County refers the Court to surveillance footage. Medical evidence appears consistent with Martinez's account in that the injuries were limited to jaw and dental trauma and no other parts of the anatomy. Head punches do not require specific instruction beyond excessive force training. The Constitution does not prohibit head punches. If the Court determines that Martinez did not deprive Plaintiff of his constitutional rights, then Plaintiff's municipal liability claims against the County necessarily fail as a matter of law and must be dismissed. *Heller*, 475 U.S. at 798-799.

15.    **No Official Policy**. *Monell* Liability must rest on an official policy, meaning the municipality's policy, and not the policy of an individual official. *Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir. 1984). "[A]ctions of officers or employees of a municipality do not render the municipality liable under §1983 unless they execute official policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur, isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.*

16.    For a county to be liable based on an official policy, "the plaintiff must show, among other things, either (1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers 'with deliberate indifference as to its known or obvious consequents…'" *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). "For an official to act with deliberate indifference, the official must <u>both</u> be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Deliberate indifference is more than mere negligence; it is an intentional choice consciously and maliciously made

by the municipality's policymakers. *Conner v. Travis County*, 209 F.3d 794, 796-797 (5th Cir. 2000). "A showing of simple or even heightened negligence will not suffice." *Bd. Of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997). Rather, it "must amount to an intentional choice, not merely an unintentionally negligent oversight." *James v. Harris Cty.*, 577 F.3d 612, 617-618 (5th Cir. 2009).

17.    If a plaintiff adduces evidence of an official policy promulgated with deliberate indifference, then the plaintiff must prove that the municipality's official policy was the "moving force" and actual cause of the deprivation of constitutional rights. *See Piotrowski*, 237 F.3d at 578.  "The allegations of [an official municipal] policy and its relationship to the underlying constitutional violation cannot be conclusory but must contain specific facts." *Prince v. Curry*, 2010 WL 1062611 at *3 (N.D. Tex. 2010); *Ratliff v. Aransas Cty.,* 948 F.3d 281, 285 (5th Cir., 2020) (must do more than describe the incident that gave rise to an injury).  A "but for" connection to the deprivation of rights is not sufficient to satisfy the causation element.  *See, e.g. Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) ("…causation must be more than a mere 'but for' coupling between cause and effect).

18.    Plaintiff has not been injured as the result of an official Harris County policy. Indeed, Exhibits G through M show that Harris County has policies on de-escalation and responses and guidance on interactions with inmates under diverse

circumstances and conditions, contrary to conclusory allegations or unwarranted deduction of facts asserted by Plaintiff.

19.     In his amended complaint paragraphs 23 and 29 Plaintiff cavalierly uses boilerplate terms, "short staffing" "overcrowding" "culture of violence" and "institutionalized excessive force" clearly in contradiction to his own deposition testimony.  See Exhibit P, pages 51, 71 and 73.  It must be noted that Plaintiff was housed on January 14, 2022 in a solo cell because he had COVID.  Plaintiff also relies upon inadmissible hearsay in his reference to other unresolved lawsuits. To highlight the apocryphal basis of his *Monell* claim, in paragraph 119 of his amended complaint, Plaintiff references Natividad Flores as having died from injuries at the Harris County jail.  Natividad Flores did not die at the Harris County jail.  He had an epileptic seizure and hit his head when he fell out of his bunk.  The lawsuit was assigned to this very Court, the Honorable Judge Keith P. Ellison, 4:20-cv-3162. There was no alleged detention officer assault in that case, and Mr. Flores did not die.  By his own testimony and lack of admissible evidence, Plaintiff undermines his *Monell* claim.

21.     **Failure to Train/Supervise Claim**.  The standard for establishing liability for a failure to train and supervise is the same standard for establishing municipal liability in general. *Valle v City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010).  Thus, the County can only be found liable for failure to train if the County itself causes the

alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff, therefore, must establish that inadequate or deficient training policies were deliberately adopted by the County's policymaker and such directly caused plaintiff's injuries. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). Here, prior to January 14, 2022, Martinez was trained on relevant law enforcement subjects, including use of force and de-escalation.

22.    To establish deliberate indifference in this context, a plaintiff must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in constitutional violation." *Gerald Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2008). The single incident exception to the pattern rule is "a narrow one, and one that [the Fifth Circuit has] been reluctant to expand." *Burge,* 336 F.3d. at 373. To rely on the single incident exception, "a plaintiff must prove that the 'highly predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005).

23.    Here, Plaintiff has failed to carry his burden to establish liability against the County for failure to train. Exhibit F shows that Henry Martinez received de-escalation and defensive tactics training before this incident and has satisfied TCOLE standards of training ever since. The Fifth Circuit requires specificity on

how a training policy is inadequate or deficient and Plaintiff has failed to do such. *See Roberts*, 397 F.3d at 293. Plaintiff speculates the County's alleged failures were the cause of his injuries and nothing more [*Id.*]. Merely speculating that "additional [or better] training would have been helpful in making difficult decisions does not establish municipal liability." *Connick v. Thompson*, 563 U.S. 51, 68 (2011); *see also Harris*, 489 U.S. at 391.

24. Furthermore, there is also no evidence that the County failed to train Martinez on any relevant matter See Training Records of Martinez, Exhibit F. Rather, the evidence clearly establishes that he received and exceeded the mandatory state standards in training legislatively mandated in Rule 218.3, Texas Administrative Code. [*Id.*]. "If the training of police officers meets state standards, there can be no cause of action for failure to train absent a showing that 'this legal minimum of training was inadequate to enable [the officers] to deal with the usual and recurring situations' [they] would likely face." *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009).

25. Even if Plaintiff could show that Martinez was inadequately trained, which he cannot, there is no evidence to link the purported inadequate or deficient training to his alleged injuries. "Adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the County liable…Moreover, for liability to attach in this circumstance the

identified deficiency in a County's training program must be closely related to the ultimate injury." *Harris*, 489 U.S. at 391. Other than bare, conclusory allegations, Plaintiff has failed to adduce any evidence that a deficient or inadequate training caused Martinez to act during the events in question. Plaintiff also has failed to establish a pattern of similar incidents in which citizens have been injured as a result of inadequate or deficient training. *Peterson v. City of Fort Worth*, 588 F.3d 383, 851 (5th Cir. 2009) ("A pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question"). Plaintiff, therefore, has failed to carry his burden on this claim, and the County is entitled to summary judgment as a matter of law.

26.     **Conditions of Confinement Claim.** A condition of confinement claim is an attack on "general conditions, practices, rules, or restrictions of pretrial confinement," e.g., number of bunks per cell, mail privileges, disciplinary segregation etc. *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996); *Scott v. Moore*, 114 F.3d 51, 53 n2 (5th Cir. 1997).

27.     Conditions of confinement is not supported by the evidence in the sworn testimony of Plaintiff. See Exhibit P. On page 38 of his deposition Plaintiff stated his medical care was good and on page 56 that provisions for hygiene were also acceptable.     On page 53 he testified he was not subjected to filth or inhuman conditions or threats or misconduct by other inmates. On pages 51 and 71 he

contradicted the claim of short staffing as well. On page 73 he denied witnessing any other incident of alleged excessive force at the Harris County jail. Thus, there is no disputed issue of material fact as to this claim.

28.   **Episodic Act Claim.**   To establish an episodic act case Plaintiff must show "(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights which subjective deliberate indifference, and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Garza v. City of Donna*, 922 F3d 629, 634 (5th Cir. 2019). Deliberate indifference is an extremely high standard. To establish deliberate indifference in this context, a plaintiff must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in constitutional violation." *Gerald Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2008). A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Board of Comm'rs of Bryan City v. Brown* 520 U.S. 397,  411 (1997). Thus, a plaintiff must allege facts which show not only an unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993). "In addition to culpability, [the

pleadings must show] a direct causal link between [an identified] municipal policy and the constitutional deprivation." *Piotrowski v. City of Houston*, 237 F.3d at 567, 579 (2001). Other than general conclusory allegations, Plaintiff falls short of alleging facts that any County policy was the direct cause of the violation of his constitutional rights which is necessary to state an episodic act claim against the County.

29. **Ratification Claim**. Ratification concerns whether "the authorized policymakers approve[d] a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 127 (1988). This means that the policymaker must have <u>actual knowledge</u> of the improper basis for the subordinate's action and yet approve the action anyway. *See Beattie v. Madison Cty. Sch. Dist.,* 254 F.3d 595, 604 (5th Cir. 2001) (emphasis added). Further, the Fifth Circuit has not relaxed the causation requirement of *Monell* in the ratification context and continues to require an official policy to be the moving force for the constitutional violation. *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004).

 "Good faith statements made in defending complaints against municipal employees do not demonstrate ratification." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). Where a police chief has accepted his subordinate's version of events, courts have found no ratification liability unless the subordinate's actions

were "manifestly indefensible" under that version. *Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986).

30.     Plaintiff has adduced no evidence to support his ratification theory. There is no evidence that any official policy was the moving force of the violation of the Plaintiff's constitutional rights. Rather, the evidence established that an administrative investigation was opened and closed because the evidence did not support a finding of misconduct [Exs D and Q].

31.     Moreover, there is no evidence that Martinez's decision to use of force in self defense was "manifestly indefensible." Rather, the evidence establishes that (a) his actions were objectively reasonable. Controlling law precludes finding that this case presents an extreme factual situation. *See Peterson,* 598 F.3d at 848 (even common and known use of excessive force within a police department is not enough for ratification, nor is a policymaker defending conduct that is later shown to be unlawful). Thus, Plaintiff has failed to carry his burden, and the County is entitled to summary judgment as a matter of law.

32.     **No Medical Expense or Lost Earnings**. In his deposition pages 47, 49, (Ex. P) Plaintiff denied having any medical bills or lost earnings as a result of his January 14, 2022 injury. Thus, there is no basis for such claims.

## VI.     Conclusion

33.     For the reasons stated herein, there is no genuine issue of material fact as to any of Plaintiff's allegations against the County. The County is therefore, entitled to summary judgment as a matter of law.  Accordingly, summary judgment should be granted on behalf of Harris County.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY prays that this Court grant its motion for summary judgment as to all of Plaintiff's claims against it, enter a final judgment of dismissal and for all other relief to which this defendant is justly entitled.

Date: October 20, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS

By:     */s/ James C. Butt*            
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Tel:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**FRANK J. FORD**
Assistant County Attorney
ATTORNEY-TO BE NOTICED

State Bar No. 24012642
Fed. Bar No. 565385
Tel: (713) 274-5166 (direct)
frank.ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT
HARRIS COUNTY**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Joshua Willoughby on October 16, 2025 via email on the issues in this motion.

/s/*James C. Butt*
James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon Plaintiff as indicated:

Joshua R. Willoughby
The Willoughby Law Firm, LLC
4200 Montrose Blvd., Suite 540
Houston, Texas 77006
ATTORNEYJRW@GMAIL.COM

*/s/ James C. Butt*
James C. Butt