IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| KENNITH PAUL HOWELL | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-00468 |
| | § | |
| HARRIS COUNTY, TEXAS et al, | § | JURY DEMAND |
| | § | |
| *Defendants,* | § | |

**PLAINTIFF'S OPPOSED MOTION TO COMPEL DISCOVERY FROM DEFENDANT, HARRIS COUNTY, TEXAS**

COMES NOW, Plaintiff Kennith Paul Howell, files this motion to compel discovery from Defendant Harris County, Texas pursuant to Federal Rule of Civil Procedure 37(a) and in support thereof would respectfully show unto the Court as follows:

# TABLE OF CONTENTS

I. BACKGROUND AND SUMMARY OF THE ARGUMENT ........................

II. STATEMENT ON THE NATURE AND STAGE OF THE PROCEEDING AS IT RELATES TO THIS DISCOVERY MOTION ................................

III. STATEMENT OF ISSUES AND STANDARD OF REVIEW FOR DISCOVERY DISPUTES INCLUDING THE RELATIONSHIP BETWEEN *MONELL* CLAIMS AND THE SCOPE OF DISCOVERY.......

IV. ARGUMENT AND AUTHORITIES .......................................................

    A. Defendant Must Produce Documents of Prior Incidents of Allegations of Use of Excessive Force ...............................................

    B. Defendant's Blanket and General Objections are Improper .............

    C. The Court should overrule the Defendant's objections as meritless.

V. CONCLUSION ..................................................................................

# TABLE OF AUTHORITIES

*ACLU of Mississippi v. Finch*,
  638 F.2d 1336, 1342 (5th Cir.1981)..........................................................................................

*Barnes v. City of El Paso,*
  No. EP-22-CV-161-KC, 2025 U.S. Dist. LEXIS 34988 (W.D. Tex. Feb. 24, 2025) ...............

*Coughlin v. Lee,*
  946 F.2d 1152 (5th Cir. 1991)………………………………………………………………

*Estevis v. City of Laredo,*
  5:22-CV-22, 2023 U.S. Dist. LEXIS 233845 (S.D. Tex. March 31, 2023) ..............................

*Hughes v. Tobacco Inst., Inc.,*
  278 F.3d 417 (5th Cir. 2001) ....................................................................................................

*In re Santa Fe Int'l Co.*,
  272 F.3d 705, 710 (5th Cir. 2001) ……………………………………………………………..

*Maurer v. St. Tammany Parish Sch. Bd.,*
  No. 19-13479 Section "T", 2020 U.S. Dist. LEXIS 261167 (E.D. La. June 26, 2020) .............

*McLeod, Alexander, Powel &amp; Apffel, P.C. v. Quarles,*
  894 F.2d 1482, 1485 (5 th Cir. 1990) ………………………………………………………….

*Roque v. City of Austin,*
  No. 1-17-CV-00932-LY, 2018 U.S. Dist. LEXIS 190960 (W.D. Tex. Nov. 7, 2018) ................

*Torsh, Inc. v. Audio Enhancement, Inc.,*
  No. 22-2862 Section P, 2023 U.S. Dist. LEXIS 204359 (E.D. La. Nov. 15, 2023) ...................

United States v. 5.934 Acres of Land, More or Less,
  635 F.Supp.3d 553 (S.D. Texas 2022), *)*…………………………………………………….

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................

Fed. R. Civ. P. 33 …....................................................................................................................

Fed. R. Civ. P. 34 ………...........................................................................................................

Fed. R. Civ. P. 37 …....................................................................................................................

# I.

# BACKGROUND AND SUMMARY OF THE ARGUMENT

1. While detained at Harris County Jail on January 14, 2022, the Plaintiff, Kennith Paul Howell, was assaulted by Detention Officer Henry Martinez after repeatedly requesting toilet paper. Martinez had the Plaintiff's cell opened, declared "this is my house," and punched him multiple times in the face, neck, and body. (Doc. 11 – 2) The Plaintiff suffered a broken jaw requiring a plate, shattered teeth, was hospitalized and spent weeks on a liquid diet while recovering. *Id*

2. Thereafter, the Plaintiff thereafter filed the instant action wherein he seeks damages under 42 U.S.C. §1983 for violations of his constitutional rights. (Doc. 11 – 2) The complaint asserts that the Plaintiff's injuries were not an isolated act but the direct result of longstanding unconstitutional policies, practices, and customs at the Harris County Jail. It details systemic issues of excessive force, inadequate medical care, understaffing, overcrowding, and deliberate indifference by jail leadership, including Sheriff Ed Gonzalez. *Id* The suit points to Department of Justice investigations, Texas Commission on Jail Standards findings, and numerous prior deaths and injuries in the jail as evidence of a pervasive culture of violence. (Doc. 11 – 2)

3. This case involves the following *Monell* claims; failure to train and / or supervise, as well as policies, customs and practices exhibiting support for the use of excessive force that results in inmates' deaths and / or injuries, and violation of constitutional rights. *Id* In order to establish Plaintiff's allegations, Plaintiff needs

the relevant requested discovery. However, Defendant has refused to provide the requested information based on boilerplate objections. Under the liberal discovery rules and the need for "broad and substantial amount of discovery" for Monell claims, Plaintiffs ask for a Court order overruling Defendants' boilerplate objections and compelling production of the relevant discovery.

II.

**STATEMENT ON THE NATURE AND STAGE OF THE PROCEEDING AS IT RELATES TO THIS DISCOVERY MOTION**

4. On September 26, 2025, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the parties met and conferred in an effort to resolve disputes concerning Plaintiff's Request for Production and Defendant's Responses and Objections. *See Ex. A*

5. Aas a result of the parties meet and confer on September 2026, 205; the parties agreed that Defendant would produce a number of documents requested, and Plaintiff would narrow and limit in time and manner a number of Plaintiff's Requests for Production.

6. On October 6, 2025, Plaintiff served his First Amended Request for Production to Defendant, making Defendant's Responses and Objections due on November 5, 2025. See *Ex. B*

7. Due to time constraints Plaintiff filed a Joint Motion to Modify the Scheduling Order to discuss an extension of time for discovery, motion's deadline, as well as other issues. (Doc. 55) The Court set the hearing on the Motion to Modify the Scheduling Order for October 16, 2025, at 2:30 p.m. (Doc. 56)

8. At the Motion to Modify the Scheduling Order hearing issues regarding Plaintiff's need for Defendant's discovery responses to timely and adequately respond to Defendant's Motion for Summary Judgment was addressed.

9. Due to the discovery disputes, the filing of Defendant's Motion for Summary Judgement on October 20, 2023, (Doc. 58), and Plaintiff's need for the documents requested in order to address Defendant's Motion for Summary Judgement, the Court's intervention is required.

### III.

**STATEMENT OF ISSUES AND STANDARD OF REVIEW FOR DISCOVERY DISPUTES INCLUDING THE RELATIONSHIP BETWEEN *MONELL* CLAIMS AND THE SCOPE OF DISCOVERY**

10. The issue addressed in this Motion to Compel is whether the Court should compel Defendant to provide production of relevant and discoverable documents that they have currently not produced based on boilerplate objections.

11. The Federal Rules of Civil Procedure permit a party seeking discovery to "[m]ove for an order compelling an answer [or] production" if another party fails to produce documents requested under Rule 34, or if the response is so evasive or incomplete as to constitute a failure to respond." See *United States v. 5.934 Acres of Land, More or Less*, 635 F.Supp.3d 553 (S.D. Texas 2022), see Fed.R.Civ.P. 37(a)(3)(B), (a)(4). The scope of permissible discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" *Id.*, see Fed.R.Civ.P. 26(b)(1); see also Fed.R.Civ.P. 34(a) ("A party may serve on any other party a request [for production] within the scope of Rule 26(b)[.]")

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

12. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). Discoverable information is not limited to admissible evidence but includes anything "reasonably calculated to lead to the discovery of admissible evidence." *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991). Courts are to construe relevance broadly in the discovery stage. *Id.* So if there is any possibility that the information sought may be relevant to a claim, then it is discoverable. *Barnes v. City of El Paso*, No. EP-22-CV-161-KC, 2025 U.S. Dist. LEXIS 34988, at *3–4 (W.D. Tex. Feb. 24, 2025).

13. A party seeking discovery can compel answers, production, and inspections to discovery requests pursuant to Federal Rule of Civil Procedure 37. The party opposing discovery bears the burden of asserting with specificity how the information requested is irrelevant or how each request is objectionable. *Estevis v. City of Laredo,* 5:22-CV-22, 2023 U.S. Dist. LEXIS 233845, (S.D. Tex. March 31, 2023) (Kazen, M.J.). General, introductory, and boilerplate objections are not permitted because the responding party must respond to each individual request with objections that identify how it is objectionable. *Id.* An undue burden objection requires the responding party to provide substantive evidence how the request is unduly burdensome which makes it disproportionate to the needs of the case. *Id.*

14. The issue is Defendant's misunderstanding of the scope of discovery permitted in relation to Plaintiff's *Monell* claims for failure to train and / or supervise, as well as policies, customs and practices exhibiting support for the use of excessive force that results in inmates' deaths and / or injuries, and violation of constitutional rights (Doc. 11-2) In cases where the Plaintiff is asserting a *Monell* claim based on Plaintiff's allegations in Plaintiff's First Amended Petition, an element of Plaintiff's claims is to show evidence of similar incidents, lack of training, performance evaluations, lack of disciplinary actions that support the existence of the policies, customs and practices for a sufficiently pervasive timeframe.

15. Because *Monell* claims require this evidence, discovery of other incidents to allow the parties to evaluate their similarity and specificity is highly relevant and discoverable. *Estevis*, 2023 U.S. Dist. LEXIS 233845, at *6–7; *Roque v. City of Austin, No.* 1-17-CV-00932-LY, 2018 U.S. Dist. LEXIS 190960, at *14–16 (W.D. Tex. Nov. 7, 2018); *Barnes*, 2025 U.S. Dist. LEXIS 34988, at *6–7; *Maurer v. St. Tammany Parish Sch. Bd.,* No. 19-13479 Section "T", 2020 U.S. Dist. LEXIS 261167, at *5–7 (E.D. La. June 26, 2020). As recognized by several district courts in the Fifth Circuit, "Courts addressing discovery-related disputes in cases involving Monell claims routinely recognize that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff had sued only the individuals directly involved in the alleged deprivation of rights given the heavy burden on that claim." *Estevis,* 2023 U.S. Dist. LEXIS 233845, at *6–7 (citing several cases) (internal quotations omitted); see also the other cases cited supra. This preference for broad

discovery in Monell bolsters the preference for a liberal construction of relevancy during discovery as the information of other incidents bears on a direct requirement for asserting these claims. *See Estevis*, 2023 U.S. Dist. LEXIS 233845, at *3–4.

16. In objecting to discovery, Defendant has taken an approach in direct contrast to this case law by arguing that only information pertaining to individuals named in the lawsuit is relevant. *See* Ex. Plaintiff is not limited to just the incidents identified in the Complaint. As stated by the District Court in *Roque v. City of Austin* when granting the plaintiff's motion to compel of other incidents, "The Court agrees with the Plaintiffs that the material in question is highly relevant. In fact, it's unclear how the Plaintiffs would be able to establish their pattern and practice claims without access to the information related to prior incidents *not* involving Deputy Martinez." 2018 U.S. Dist. LEXIS 190960, at *15–16 (emphasis in original). As such, Defendant's arguments opposing providing the request for production to Plaintiff under *Monell* are unfounded and should be overturned.

## IV.

## ARGUMENT AND AUTHORITIES

17. The Court should compel the Defendant to respond to Plaintiff's requests for production 2, 34 - 36, 38, 42, and 51, and overrule its objections.

### A. Defendant Must Produce Documents of Prior Incidents of Allegations of Use of Excessive Force:

18. Harris County's blanket contention to almost every request is that it vague, neither relevant nor admissible, and not proportional to the needs of the case. *See* Ex.

C (General Objections to RFP Nos. 34 – 36, 38, 42, 51) As shown above, Courts have routinely rejected this argument especially because the discovery of other incidents is central to Plaintiff's claims making them highly relevant. *Barnes,* 2025 U.S. Dist. LEXIS 34988, at *6–7; *Roque*, 2018 U.S. Dist. LEXIS 190960, at *15–16; *Estevis,* 2023 U.S. Dist. LEXIS 233845, at *67. It would be illogical, considering the claim, that Plaintiffs could not discover other incidents that are central to the requirements of asserting *Monell* claims.

19. In fact, when discussing the proportionality factors, Courts have routinely held that "the needs of th[e] case" for other incident information is "exceptionally high" with the burden on Defendant being low. *Barnes,* 2025 U.S. Dist. LEXIS 34988, at *6–7; *Roque*, 2018 U.S. Dist. LEXIS 190960, at *15. A governmental entity cannot claim they have an undue burden because of the sheer number of other incidents that could potentially be constitutional violations or evidence of a policy because then the entities with the greatest constitutional issues would be protected simply because they have violated more rights. In *Roque*, the court held that the needs of the case were also substantial because the case involved a single death making the burden on the Defendant proportional to the needs of the case. 2018 U.S. Dist. LEXIS 190960, at *16.

20. In various requests for production Plaintiff has requested prior lawsuits limited to a ten (10) year period, performance reviews, training records of only those officers identified in excessive use of force claims for from January 1, 2021 – January 1, 2023, and their disciplinary records. *See* Ex. B These requests are pertinent to show

additional incidents and are relevant to the discovery of incidents that support the training deficiencies, lack of supervision, and policies at the heart of Plaintiff's *Monell* claim. *Id.* Plaintiffs are willing to limit these lawsuits to the ten years prior to the incidents and limit them to any lawsuit's allegations are similar to the ones alleged in this case.

21. Plaintiff has requested the documents memorializing disciplinary actions for allegations of use of excessive force taken against Harris County Sheriff's Office detention officers. *Ex. B* This information is directly pertinent to several of Plaintiff's claims as a lack of discipline constitutes tolerance and enforces the conditions and policies of Harris County. *Estevis,* 2023 U.S. Dist. LEXIS 233845, at *7. Plaintiffs have already agreed to limit this request to those officers identified in from January 1, 2021 – January 1, 2023. *Id*

22. Based on the foregoing, Plaintiff ask the Court to overrule any of Defendant's Objections and compel them to produce Plaintiff's Request for Production.

**B. Defendant's Blanket and General Objections are Improper:**

23. At the beginning of the responses to Plaintiffs' requests for production, Defendant asserted general blanket objections of relevancy and proportionality. Ex. C Objections to discovery must be specifically addressed to each individual request and cannot be made generally. *Estevis,* 2023 U.S. Dist. LEXIS 233845, at *9. The party objecting must "articulate precisely how the particular request being opposed is overly broad, burdensome, oppressive, vexatious, or not reasonably calculated to

lead to the discovery of admissible evidence. *Id*. "Objections interposed without also indicating whether any document or information is being withheld is improper." *Id*.

24. On September 26, 2025, the parties met and conferred in an effort to resolve disputes concerning Plaintiff's Request for Production and Defendant's Responses and Objections, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff and opposing counsel covered each request, and Plaintiff's agreed to whittle down their request to seven requests for production out of the original fifty-one (51). *See* Ex. A, C. Furthermore, the parties discussed the tailoring of each request to make it more palpable for the Defendant. Shortly after the parties Hearing regarding the Motion to Modify the scheduling order Defendant served their objections to Plaintiff's narrowed down request for production. (Doc. 55, 56) *Ex.* C.

25. The Plaintiff has carefully tailored these requests to substantiate his *Monell* claims in this matter, and there is substantial justification to compel the Defendant to produce the relevant pattern and practice evidence.

**C. The Court should overrule the Defendant's objections as meritless**

26. The Defendant's general objections, including claims that the requests are unduly burdensome or not proportional to the needs of the case, do not provide an adequate basis to oppose discovery. See *McLeod, Alexander, Powel &amp; Apffel, P.C. v.Quarles, 894 F.2d 1482, 1485 (5 th Cir. 1990).*, wherein the 5th Circuit held that assertions that requests are "overly broad, burdensome, and oppressive" are "not adequate to voice a successful objection to discovery." The requests are limited in both

time and scope and are specifically designed to address the matters relevant to the case.

27. Likewise, without merit are the Defendant's objections based on protections under Texas state law. This is a federal action, and the Defendant has failed to indicate how state law applies. Claims under Section 1983 are governed by federal privilege law. See *ACLU of Mississippi v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981). Further, there is no evidence that the cited code applies to all of the requested records. "[A] party asserting a privilege exemption from discovery bears the burden off demonstrating its applicability." See *In re Santa Fe Int'l Co.*, 272 F.3d 705, 710 (5th Cir. 2001).

28. Finally, the Defendant's attempt to withhold documents by claiming that said documents will not prove the Plaintiff's claims is simply not a valid objection. The scope of the requested documents is tailored to substantiate the Plaintiff's *Monell* claims in this matter, i.e. relevant pattern and practice evidence. The admissibility of documents themselves as evidence does not affect their status regarding discoverability. See Fed.R.Civ.P.26(b)(1)("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

## **CONCLUSION**

For the foregoing reasons, the Court should compel the Defendant to respond to Plaintiff's requests for production 2, 34, 35, 36, 38, 42, and 51, and overrule its objections.

Respectfully submitted,

**THE WILLOUGHBY LAW FIRM, PLLC**

By: */s/ Joshua R. Willoughby*
　　Joshua R. Willoughby
　　Texas Bar Number: 24058762
　　Federal Bar Number: 911568
　　4306 Yoakum Blvd, Suite 330
　　Houston, Texas 77006
　　Telephone: (713) 222 – 1356
　　Telecopier: (713) 277 – 7166
　　ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that, on October 23, 2025, I conferred with Mr. Butt via email and phone regarding Plaintiff's Motion to Compel Defendant's Requests for Production and he stated that he was opposed.

　　　　　　　　　　　By: */s/ Joshua R. Willoughby*
　　　　　　　　　　　　　Joshua R. Willoughby

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on October 23, 2025, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party via the CM/ECF system.

Office of The Harris County Attorney
James C. Butt
Assistant County Attorney
Attorney – in – Charge
1019 Congress
Houston, Texas 77002
Telephone: (713) 274 – 5133
james.butt@harriscountytx.gov
Frank. J. Ford
Assistant County Attorney
Attorney – to – be – Noticed
Telephone: (713) 274 – 5166
frank.ford@harriscountytx.gov

By: */s/ Joshua R. Willoughby*
Joshua R. Willoughby